GLOBE PAPER COMPANY, APPELLANT, *v.*
LINDLEY, TAX COMMISSIONER, APPELLEE.[1]

[Cite as Globe Paper Co. v. Lindley (1979),
63 Ohio App. 2d 180.]

---

[1] Reporter's Note: A motion to certify the record was overruled by the Supreme Court of Ohio, December 14, 1979.

(No. 39092—Decided August 9, 1979.)

*Mr. William Tousley Smith* and *Mr. Michael D. Horlick,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Charles M. Steines,* for appellee.

KRENZLER, P. J.   In May 1974, plaintiff-appellant Globe Paper Co., hereinafter referred to as appellant, was contacted by an agent of the State Department of Taxation who indicated that appellant was under consideration for an audit of sales made by appellant.

On June 11, 1974, appellant received an official notice of intention to levy a sales and use tax assessment from the State Department of Taxation. This notification, in the form of a sixty-day letter, essentially stated that upon a preliminary examination of appellant's business records, it had been found that on certain sales appellant had either failed to collect the tax or obtain properly completed exemption certificates. The letter further stated that the certificates covering the sales must have been obtained during the filing period in which the sales were made, and if not so obtained, a presumption of taxability would apply. Appellant was advised that, although it had not obtained exemption certificates within the proper period, it would be given the opportunity to establish that the sales were not subject to the tax, but that this must be done within sixty days after receipt of the notice of intention to levy the assessment.

The letter further stated that the tax-exempt status of any transactions in question could not be established by obtaining an exemption certificate during the sixty-day period, but that a written statement from the purchaser furnishing information as to how each item involved is used would be given consideration. The letter concluded with the statement that, upon the expiration of the sixty-day period, an audit of appellant's business records would be conducted, and that those transactions not covered by valid exemption certificates already approved by a tax agent, or satisfactory statements from the purchasers establishing exemption, would be subject to the application of the tax.

As the appropriate information was not secured by appellant and submitted to the Tax Commissioner within the sixty-day period, the Tax Commissioner conducted an audit of sales made by appellant for the period from July 1, 1971, through June 30, 1974. On May 15, 1975, the Tax Commissioner levied an assessment against appellant for sales tax, and on June 12, 1975, appellant filed a petition for reassessment.

On February 18, 1976, a hearing was held by the Tax Commissioner. The taxpayer did not present any evidence to establish the exempt status of the sales in issue. The Tax Commissioner held that the sales in issue were not exempt from sales tax and entered his order on February 18, 1976.

On March 18, 1976, appellant filed a notice of appeal with the Board of Tax Appeals from the Tax Commissioner's order of February 18, 1976. In the notice of appeal, appellant requested that the Board of Tax Appeals hear appellant's evidence establishing exemptions for all sales within the period in question. A hearing was held before the Board of Tax Appeals on July 27, 1976, at which time appellant requested permission to present fourteen color slides and actual exhibits of products sold by Globe Paper Co., in order to show that the products, by their very nature, were not subject to sales tax. *See* R. C. 5739.03(B). The Tax Commissioner objected to the introduction of such evidence on the ground that pursuant to the provisions of R. C. 5739.03, no evidence may be introduced after the expiration of the sixty-day period. The Commissioner's objection was sustained.

Letters of usage obtained from some of appellant's customers during late spring and early summer of 1976 were proffered by appellant, as they had also been obtained after the expiration of the sixty-day period, and were therefore excluded from consideration by the Board of Tax Appeals.

On January 31, 1978, the Board of Tax Appeals modified the final assessment of the Tax Commissioner. From the order of the Board of Tax Appeals, appellant filed a notice of appeal with this court, presenting one assignment of error for our consideration:

"The Department of Taxation's procedures in assessing sales taxes and penalties in excess of $225,000 without providing notice and an *evidentiary* hearing denies taxpayer procedural due process as required by the Administrative Procedure Act (R. C. 119.01 *et seq.*) and the Ohio and United States Constitutions."

In the case at bar, we are dealing with the procedure for obtaining a sales tax exemption for particular retail sales. As a general rule, it may be said that all retail sales are subject to an excise tax. Exceptions to this general rule are enumerated in R. C. 5739.01(E) and 5739.02(B).

Where a sale is claimed to be exempt under R. C. 5739.01(E) or certain provisions of R. C. 5739.02,[2] the vendor must obtain an exemption certificate from the consumer, specifying the reason that the sale is not legally subject to the tax. R. C. 5739.03(B). This exemption certificate must be obtained within the period for filing the return for the period in which such sale was consummated. Otherwise, a presumption of taxability applies to the sale. R. C. 5739.03; *Union Metal Mfg. Co.* v. *Kosydar* (1974), 38 Ohio St. 2d 53.

For those vendors who fail to obtain exemption certificates within the specified period of time, a sixty-day extension period is provided, commencing from the time of the giving of notice by the Commissioner of the intention to levy an assessment, allowing the vendor an additional opportunity to establish the tax-exempt nature of the sale. R. C. 5739.03. During this sixty-day grace period, which is essentially an administrative proceeding extending the time during which a

---

[2] R. C. 5739.02(B)(12) - (25).

vendor may establish the exempt status of his sale, he must submit to the Commissioner evidence sufficient to overcome the statutory presumption of taxability set forth in R. C. 5739.03. Exemption certificates and other equivalent verification obtained within the sixty-day period are not sufficient to establish the exempt status of sales. Specific evidence as to the use of the items involved in the questioned transactions, such as affidavits, depositions, photographs, or videotapes of the property, to establish that the property is used in an exempt fashion, may be presented to overcome the presumption of taxability. *Union Metal Mfg. Co.* v. *Kosydar, supra,* at footnote 3.

At the conclusion of the sixty-day period, if the questioned sales have not been established to the Commissioner's satisfaction as tax-exempt under R. C. 5739.02, the Commissioner may make an assessment against the vendor. R. C. 5739.13. Within thirty days after service of the notice of assessment, the vendor may file a petition for reassessment, setting forth the items objected to. Unless such a petition is filed, the assessment becomes conclusive.

When a petition for reassessment is filed, the vendor is afforded a hearing before the Tax Commissioner. R. C. 5739.13. It is at this quasi-judicial proceeding before the Tax Commissioner that the record is created on which to base a further appeal to the Board of Tax Appeals.

With regard to the nature of the evidence which may be presented at the hearing before the Tax Commissioner, the Ohio Supreme Court has held that where a vendor had neither obtained exemption certificates from customers, nor established the exempt status of the sale within the sixty-day period provided for in R. C. 5739.03, at the hearing on the petition for reassessment, the Tax Commissioner's refusal to consider evidence obtained and furnished by the vendor after the conclusion of the sixty-day period is proper. *American Handling Equipment Co.* v. *Kosydar* (1975), 42 Ohio St. 2d 150. Thus, no evidence tending to establish exemption which was not gathered and offered by the vendor prior to or during the sixty-day grace period may be introduced at the hearing before the Tax Commissioner. *See also W. A. Storing Co.* v. *Porterfield* (1968), 15 Ohio App. 2d 48. In other words, the

vendor is bound by evidence gathered and submitted to the Commissioner within the sixty-day period and, therefore, is precluded from introducing any evidence not furnished during the sixty-day grace period.

In instances where the taxpayer submits the required information to the Tax Commissioner within the sixty-day period and the Tax Commissioner concludes that this information does not establish exempt status and proceeds with an assessment, the taxpayer who takes an appeal under R. C. 5739.13 may introduce evidence in regard to the tax-exempt status of the material sold for the purpose of creating a record for use in the event of further appeal. The fact that the Tax Commissioner did not accept the material submitted within the sixty-day period, nor consider it as sufficient evidence to establish tax-exempt status, does not preclude the taxpayer from introducing this material into evidence at the hearing provided for in R. C. 5739.13 in order to establish tax-exempt status. In addition to the evidence of tax-exempt status, which was submitted to the Commissioner within the sixty-day period, the vendor may introduce witnesses at the hearing to substantiate and amplify the documentary evidence, explaining in detail how each of the alleged exempt products was used.

Obviously, where material furnished during the sixty-day period or prior thereto is determined by the Tax Commissioner to be sufficient to establish the exempt nature of a sale, an assessment against the vendor will not be made, obviating the necessity for a hearing before the Tax Commissioner on a petition for reassessment.

After notice of the findings of the Commissioner, the vendor or consumer may appeal from an assessment to the Board of Tax Appeals as provided in R. C. 5717.02. Such appeals shall be taken by the filing of a written notice with the Board and the Commissioner within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the Commissioner. Upon the filing of such notice of appeal, the Commissioner shall certify to the Board a transcript of the record of such proceedings before him, together with all evidence considered by him in connection therewith. The Board of Tax Ap-

peals may order the appeal to be heard upon the record and the evidence certified to it by the Commissioner, but upon application of any interested party, the Board shall order the hearing of additional evidence, and it may make such investigation concerning the appeal as it deems proper. R. C. 5717.02.

In the case at bar, both parties concede that any evidence tending to establish the exempt status of a sale must be submitted to the Commissioner at the latest within the sixty-day period following the notice of an intention to levy an assessment. However, the appellant contends that the method and manner of presenting evidence of exempt status of a sale should not be limited to the mere submission of documentary evidence, but that, in addition, an evidentiary hearing including the opportunity to examine and cross-examine witnesses should be conducted at a vendor's request during the sixty-day period. In the absence of such an evidentiary hearing, appellant argues that it has been denied due process of law.

It is the state's position, on the other hand, that the exemption certificates should have been obtained at the time of the transactions in question, or during the period for filing the return for the period in which the sales were consummated. The state argues further that because the sixty-day period is actually a point of advantage for the vendor in that it provides an extra period of time during which evidence of the exempt status of a sale may be submitted to the Commissioner, and because R. C. 5739.03 does not provide for a hearing, appellant's due process rights were not violated by the failure to afford it an evidentiary hearing during the sixty-day period.

It is our conclusion that the failure to provide for a hearing within the sixty-day period when evidence of tax-exempt status is presented by the taxpayer to the Commissioner under R. C. 5739.03 does not violate due process. A vendor is required to obtain and furnish an exemption certificate either at the time of the sale or during the period for filing the return for the period in which the sale is consummated. Further, the vendor has been given an additional sixty-day grace period from the time of giving of the notice by the Commis-

sioner of an intent to levy an assessment in which to establish that the sale is tax-exempt. The statute makes no provision for a hearing during this sixty-day period. The vendor has available to him a variety of ways in which he may establish that the property is used in an exempt fashion; he may submit affidavits, depositions, photographs or videotapes of the property during the sixty-day period. Where a vendor does submit such information to establish tax-exempt status and the Tax Commissioner determines that the material submitted by the vendor during the sixty-day period is insufficient to establish exemption and makes an assessment against the vendor, the vendor is then afforded the opportunity for a hearing before the Commissioner on a petition for reassessment. It is at this hearing that the vendor will have an opportunity to present for the record all of the material in support of his position that the sales were tax-exempt. This is the only hearing provided for by statute and the only hearing required to satisfy due process. The taxpayer is thus afforded an opportunity to first present the material to the Tax Commissioner. If the Tax Commissioner is satisfied, the proceeding is terminated. If the Tax Commissioner is not satisfied and proceeds to make an assessment, the taxpayer may then file a petition for reassessment and participate in a hearing where evidence may be presented for the record to be made before the Commissioner and for use in further appeal. This satisfies the requirements of the statute as well as the requirements of due process.

A hearing before the Commissioner during the sixty-day period at which time the taxpayer may submit the information to establish tax-exempt status is required neither by the statute nor by the Constitutions of the United States or the state of Ohio.

A taxpayer who neither obtains and furnishes exemption certificates within the period for filing the return for the period in which such sale is consummated, R. C. 5739.03, nor submits evidence of tax-exempt status to the Commissioner within the sixty-day grace period, R. C. 5739.03, is precluded from presenting such material both at the hearing on the petition for reassessment before the Commissioner and on further appeal to the Board of Tax Appeals.

In the present case, appellant failed to obtain and furnish exemption certificates for the sales in question within the period for filing the return for the period in which the sales were consummated, required by R. C. 5739.03, and did not submit evidence of tax-exempt status to the Commissioner within the sixty-day grace period, also required by R. C. 5739.03. Thus, appellant was properly precluded from introducing such evidence both at the reassessment hearing before the Commissioner and at the Board of Tax Appeals.

Appellant's assignment of error is therefore overruled and the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

JACKSON and CORRIGAN, JJ., concur.