SOUTHERN CONTRACTORS, INC., Appellant,

v.

LIMBACH, Tax Commr., Appellee.

[Cite as *Southern Contractors, Inc. v. Limbach* (1990), 67 Ohio App.3d 237.]

Court of Appeals of Ohio,
Medina County.

No. 1826.

Decided April 4, 1990.

*Stephen J. Brown,* for appellant.

*Anthony J. Celebrezze, Jr.*, Attorney General, and *Floyd J. Miller*, Assistant Attorney General, for appellee.

_____

CACIOPPO, Judge.

Southern Contractors Equipment, Inc. (Southern Contractors) appealed to the Board of Tax Appeals from a decision of the Tax Commissioner. The Tax Commissioner affirmed a sales and use tax assessment against Southern Contractors which included a penalty. The board found that Southern Contractors is an Ohio corporation located in Medina, Ohio, which sells new construction and mining equipment on behalf of manufacturers. The board also found that Southern Contractors buys and sells used equipment and provides services in the way of evaluating users' needs for equipment and appraising specific equipment and machinery.

The board determined that Southern Contractors could present additional evidence before the board and cited as authority *Globe Paper Co. v. Lindley* (1979), 63 Ohio App.2d 180, 17 O.O.3d 376, 410 N.E.2d 804. Relying upon this cited case law, R.C. 5739.02(B)(10) and Ohio Adm.Code 5703-9-39, the board found that Southern Contractors had cured evidence defects, and that tax assessed on four transactions should be stricken from the assessment. The board affirmed the tax assessment on two transactions for which Southern Contractors claimed exemption, finding that a discrepancy remained as to documentation concerning usage. Also, the board affirmed the tax assessment on seventeen transactions for which Southern Contractors claimed exemption as casual sales pursuant to R.C. 5739.02(B)(8) and 5739.01(L).

Southern Contractors appeals.

### Assignments of Error 1 and 3

"1. Where a person acts as an agent of the buyer in finding, locating and purchasing a piece of heavy equipment, and in that transaction is compensated by the buyer, a Board of Tax Appeals finding such a person to be a vendor and responsible for collecting sales tax from the buyer is in error and should be reversed."

"3. Where one provides personal services in the form of appraisal, evaluation, lien searches, and general assistance in the preparation of documents of sale and where necessary documents of title, to a casual seller, one does not become a vendor under the statute and thus responsible for the collection of sales taxes."

Southern Contractors contends that a vendor, for purposes of R.C. Chapter 5739, does not include a person who provides personal services in acquiring equipment or acts as an agent in the transaction. Southern Contractors

supports this contention with facts that are the alleged circumstances surrounding the transactions for which sales tax was assessed.

This court's review of the Board of Tax Appeals' decision is limited. This court accepts the facts as are set forth in the board's decision. *Inter-city Foods v. Kosydar* (1972), 30 Ohio St.2d 159, 161–163, 59 O.O.2d 164, 165–166, 283 N.E.2d 161, 162–163. If this court reviews the record and decides that the decision of the board appealed from is reasonable and lawful, this court must affirm the decision. R.C. 5717.04.

The board found that similar facts surrounded the transactions which Southern Contractors alleged were casual sales. Southern Contractors would be contacted by prospective sellers or buyers regarding a need for or availability of construction or mining equipment. Southern Contractors appraised the equipment, located a buyer or seller, and prepared a bill of sale whereby the equipment was directly sold from seller to buyer. Southern Contractors would research the title and would escrow funds for some transactions.

The board determined that Southern Contractors was a vendor and that these transactions were not exempt from sales tax liability as casual sales. The decision is based upon the factual findings and cited law which the board applied to those findings. The board cited as authority R.C. 5739.02(B)(8) and 5739.01(L) in determining that the transactions were not casual sales. The board relied upon *Oberlander v. Porterfield* (1971), 28 Ohio St.2d 171, 57 O.O.2d 406, 277 N.E.2d 198, in determining that Southern Contractors acted as a vendor. The board also relied upon Ohio Adm.Code 5703-9-40 along with several unreported tax cases.

This court finds that the board's decision is reasonable and lawful. Therefore, these assignments of error are overruled.

### Assignments of Error 2 and 4

"2. Where a seller has a direct-payment certificate with the department of taxation for the payment of sales tax, it is error for the Department of Taxation to require an alleged vendor to collect and remit sales tax from the buyer."

"4. Where an appeal is made to the Board of Tax Appeals seeking relief from penalties and interest and further seeking that the commissioner assess and collect certain sales taxes directly from the consumer, and the Board fails to address those requests in its decision, the finding of the Board is incomplete and should be remanded for further consideration of those items."

Southern Contractors contends that the Board of Tax Appeals did not address issues raised from the Tax Commissioner's assessment. Specifically, Southern Contractors argues that one assessment was made against a trans-

action in which the buyer held a direct-payment certificate pursuant to R.C. 5739.031 and that other assessments could be collected directly from consumers.

In reviewing the record, the board did not find that tax was assessed in a transaction where the consumer held a direct-payment certificate. R.C. 5739.-031 does not absolve vendors and sellers of all duties and liabilities as to collection of the sales tax, but only those duties and liabilities imposed by R.C. 5739.03 or 5741.04. The statute requires vendors and sellers to establish notice of the direct-payment certificate and to maintain sufficient records of these sales. The board made no such factual findings.

The second prong of Southern Contractors' argument is not an appropriate interpretation of R.C. 5739.03. Although the consumer is required to pay the sales tax, each vendor shall collect from the consumer, as a trustee for the state of Ohio, the full and exact amount of the tax payable on each taxable sale. R.C. 5739.03.

As to these assignments of error, this court finds the board's decision reasonable and lawful. These assignments of error are overruled.

The Board of Tax Appeals' decision and order are affirmed.

*Decision affirmed.*

REECE, P.J., and CIRIGLIANO, J., concur.