OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Rex Pipe & Supply Co., Appellee and Cross-Appellant, v.
Limbach, Tax Commr., Appellant and Cross-Appellee.
[Cite as Rex Pipe & Supply Co. v. Limbach (1994),        Ohio
St.3d      .]
Taxation -- Sales tax -- R.C. 5739.03, applied -- An assessee
     that submits letters of usage and other evidence within
     the grace periods provided under R.C. 5739.03 may submit
     additional evidence to the Tax Commissioner and the Board
     of Tax Appeals to substantiate and amplify the previously
     submitted evidence.
     (No. 93-1043 -- Submitted April 6, 1994 -- Decided June
22, 1994.)
     Appeal and Cross-Appeal from the Board of Tax Appeals, No.
90-G-230.
     The Tax Commissioner, appellant and cross-appellee,
relative to the assessment of sales tax, contests the Board of
Tax Appeal's ("BTA's") decision to receive additional evidence
on appeal from the taxpayer, Rex Pipe & Supply Co. ("Rex"),
appellee and cross-appellant.  This evidence was to "amplify
and supplement" information submitted by Rex to the
commissioner during the R.C. 5739.03 grace periods for
establishing the nontaxability of the sales in question for the
audit period January 1, 1984 through December 31, 1986.  Rex,
in its cross-appeal, challenges the BTA's findings on various
letters of usage and other submitted information.
     After the commissioner had decided to audit Rex, a vendor
of plumbing and heating supplies, and had issued a sixty-day
letter to it, Rex obtained letters of usage from its vendees
for those transactions in which Rex did not have valid
exemption certificates on file.  The commissioner allowed some
of the letters of usage to exempt the transactions from the
sales tax, but denied others.  Rex appealed these denials to
the BTA.
     On Rex's application, the BTA allowed Rex to present
further evidence for those transactions in which Rex had
supplied letters of usage.  Rex presented sixteen witnesses who
testified about the business of these vendees and whether they
had remitted tax to the commissioner.

The BTA affirmed in part and modified in part the order of the commisioner.  As to three of the vendees, Renner Plumbing & Supply Co., Belden Hardware, and Colejon Mechanical Corp., the BTA found that the supplemental testimony established the exempt nature of the transactions.  As to the remaining vendees who testified, the BTA found that the testimony did not overcome the presumption of taxability.  The BTA also reviewed other challenged denials of letters of usage and reversed the commissioner on two of these denials, International Tectonics, Inc., and Kenco Pumps, Inc.  The BTA found that the remaining letters of usage did not establish the exempt nature of the sales.

The cause is now before this court upon an appeal and cross-appeal as of right.

McDonald, Hopkins, Burke & Haber Co., L.P.A., Michael J. Jordan and Walter F. Ehrnfelt, for appellee and cross-appellant.

Lee Fisher, Attorney General, and Duane M. White, Assistant Attorney General, for appellant and cross-appellee.

Per Curiam.  The commissioner, in her appeal, argues that the BTA erred when it received testimony and evidence to amplify and supplement the information submitted to the commissioner during the sixty- and ninety-day grace periods of R.C. 5739.03.  Rex maintains that, under Globe Paper Co. v. Lindley (1979), 63 Ohio App. 2d 180, 17 O.O. 3d 376, 410 N.E. 2d 804, the BTA correctly received such evidence.  We agree with Rex.

R.C. 5739.03 states:

"[T]he tax imposed by or pursuant to section 5739.02, 5739.021, 5739.023, or 5739.026 of the Revised Code shall be paid by the consumer to the vendor, and each vendor shall collect from the consumer, as the trustee for the state of Ohio, the full and exact amount of the tax payable on each taxable sale * * *.

"* * *

"(B) * * *

"If any sale is claimed to be exempt under division (E) of section 5739.01 of the Revised Code or under section 5739.02 of the Revised Code * * *, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax. * * *  The certificate shall be in such form as the tax commissioner by regulation prescribes.  If no certificate is furnished or obtained within the period for filing the return for the period in which such sale is consummated, it shall be presumed that the tax applies.  The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply.

"* * *

"(E) A vendor who files a petition for reassessment contesting the assessment of tax on sales for which the vendor obtained no valid exemption certificates and for which the

vendor failed to establish that the sales were properly not subject to the tax during the sixty-day period allowed under division (B) of this section, may present to the tax commissioner additional evidence to prove that the sales were properly subject to a claim of exception or exemption. The vendor shall file such evidence within ninety days of the receipt by the vendor of the notice of assessment, except that, upon application and for reasonable cause, the period for submitting such evidence shall be extended thirty days.

"The commissioner shall consider such additional evidence in reaching the final determination on the assessment and petition for reassessment."

R.C. 5739.13 requires the commissioner to hear evidence from an assessee if the assessee files a petition for reassessment. Moreover, R.C. 5717.02 requires the BTA to hear evidence additional to the evidence certified to it by the commissioner if so requested by an interested party.

In Globe Paper Co. v Lindley, supra, at 185, 17 O.O. 3d at 379, 410 N.E. 2d at 807, the Cuyahoga County Court of Appeals, in explaining how R.C. 5739.13 operated, ruled that a vendor may introduce witnesses at the hearing before the commissioner to substantiate and amplify the documentary evidence produced in the grace period, "* * * explaining in detail how each of the alleged exempt products was used." We agree with this conclusion and approve the receipt of additional evidence by the BTA under R.C. 5717.02. Thus, an assessee that submits letters of usage and other evidence within the grace periods provided under R.C. 5739.03 may submit additional evidence to the commissioner and the BTA to substantiate and amplify the previously submitted evidence.

Moreover, the BTA correctly exempted the transactions with two of the vendees, Renner Plumbing & Supply Co. and Belden Hardware, because, according to the testimony, both vendees sold only at retail. As to the third vendee, Colejon Mechanical Corp., its president testified that the items purchased were used exclusively for a government-owned NASA project. This explanation sufficiently establishes the exempt nature of the items. Thus, under these circumstances, the BTA correctly decided that transactions with Colejon were exempted.

As to the transactions contested by Rex's cross-appeal, the BTA incorrectly ruled that Rex had not established the exempt nature of the sales either through the testimony or through the letters of usage. The letters and the testimony established that exempt uses were made of these purchases, or that the vendees had paid sales tax when they sold the items to their customers.

As to transactions with two other vendees about which Rex claims error, International Salt and Borg Warner, the commissioner ultimately allowed the letters of usage, and these sales are not in issue herein.

Accordingly, we affirm the BTA's decision on the commissioner's appeal and reverse it on Rex's cross-appeal.

Decision affirmed in part and reversed in part.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.