REX PIPE & SUPPLY CO., APPELLEE AND CROSS-APPELLANT, *v.*
LIMBACH, TAX COMMR., APPELLANT AND CROSS-APPELLEE.

[Cite as *Rex Pipe & Supply Co. v. Limbach* (1994), 69 Ohio St.3d 478.]

(No. 93–1043—Submitted April 6, 1994—Decided June 22, 1994.)

*McDonald, Hopkins, Burke & Haber Co., L.P.A., Michael J. Jordan* and *Walter F. Ehrnfelt,* for appellee and cross-appellant.

*Lee Fisher,* Attorney General, and *Duane M. White,* Assistant Attorney General, for appellant and cross-appellee.

*Per Curiam.* The commissioner, in her appeal, argues that the BTA erred when it received testimony and evidence to amplify and supplement the information submitted to the commissioner during the sixty- and ninety-day grace periods of R.C. 5739.03. Rex maintains that, under *Globe Paper Co. v. Lindley* (1979), 63 Ohio App.2d 180, 17 O.O.3d 376, 410 N.E.2d 804, the BTA correctly received such evidence. We agree with Rex.

R.C. 5739.03 states:

"[T]he tax imposed by or pursuant to section 5739.02, 5739.021, 5739.023, or 5739.026 of the Revised Code shall be paid by the consumer to the vendor, and each vendor shall collect from the consumer, as the trustee for the state of Ohio, the full and exact amount of the tax payable on each taxable sale * * *.

" * * *

"(B) * * *

"If any sale is claimed to be exempt under division (E) of section 5739.01 of the Revised Code or under section 5739.02 of the Revised Code * * *, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax. * * * The certificate shall be in such form as the tax commissioner by regulation prescribes. If no certificate is furnished or obtained within the period for filing the return for the period in which such sale is consummated, it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply.

" * * *

"(E) A vendor who files a petition for reassessment contesting the assessment of tax on sales for which the vendor obtained no valid exemption certificates and for which the vendor failed to establish that the sales were properly not subject to the tax during the sixty-day period allowed under division (B) of this section, may present to the tax commissioner additional evidence to prove that the sales were properly subject to a claim of exception or exemption. The vendor shall file such evidence within ninety days of the receipt by the vendor of the notice of assessment, except that, upon application and for reasonable cause, the period for submitting such evidence shall be extended thirty days.

"The commissioner shall consider such additional evidence in reaching the final determination on the assessment and petition for reassessment."

R.C. 5739.13 requires the commissioner to hear evidence from an assessee if the assessee files a petition for reassessment. Moreover, R.C. 5717.02 requires the BTA to hear evidence additional to the evidence certified to it by the commissioner if so requested by an interested party.

In *Globe Paper Co. v. Lindley, supra,* at 185, 17 O.O.3d at 379, 410 N.E.2d at 807, the Cuyahoga County Court of Appeals, in explaining how R.C. 5739.13 operated, ruled that a vendor may introduce witnesses at the hearing before the commissioner to substantiate and amplify the documentary evidence produced in the grace period, " * * * explaining in detail how each of the alleged exempt products was used." We agree with this conclusion and approve the receipt of additional evidence by the BTA under R.C. 5717.02. Thus, an assessee that submits letters of usage and other evidence within the grace periods provided under R.C. 5739.03 may submit additional evidence to the commissioner and the BTA to substantiate and amplify the previously submitted evidence.

Moreover, the BTA correctly exempted the transactions with two of the vendees, Renner Plumbing & Supply Co. and Belden Hardware, because, according to the testimony, both vendees sold only at retail. As to the third vendee, Colejon Mechanical Corp., its president testified that the items purchased were used exclusively for a government-owned NASA project. This explanation sufficiently establishes the exempt nature of the items. Thus, under these circumstances, the BTA correctly decided that transactions with Colejon were exempted.

As to the transactions contested by Rex's cross-appeal, the BTA incorrectly ruled that Rex had not established the exempt nature of the sales either through the testimony or through the letters of usage. The letters and the testimony established that exempt uses were made of these purchases, or that the vendees had paid sales tax when they sold the items to their customers.

As to transactions with two other vendees about which Rex claims error, International Salt and Borg Warner, the commissioner ultimately allowed the letters of usage, and these sales are not in issue herein.

Accordingly, we affirm the BTA's decision on the commissioner's appeal and reverse it on Rex's cross-appeal.

*Decision affirmed in part
and reversed in part.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.