OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court
of Ohio are being transmitted electronically beginning May
27, 1992, pursuant to a pilot project implemented by Chief
Justice Thomas J. Moyer.
     Please call any errors to the attention of the
Reporter's Office of the Supreme Court of Ohio.
Attention:  Walter S. Kobalka, Reporter, or Deborah J.
Barrett, Administrative Assistant.  Tel.:  (614) 466-4961;
in Ohio 1-800-826-9010.  Your comments on this pilot
project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court
to the full texts of the opinions after they have been
released electronically to the public.  The reader is
therefore advised to check the bound volumes of Ohio St.3d
published by West Publishing Company for the final
versions of these opinions.  The advance sheets to Ohio
St.3d will also contain the volume and page numbers where
the opinions will be found in the bound volumes of the
Ohio Official Reports.

McLean Company, Appellee, v. Limbach, Tax Commr.,
Appellant.
[Cite as McLean Co. v. Limbach (1994),      Ohio St.
3d     .]
Taxation -- Sales tax -- R.C. 5739.03, applied -- An
     assessee that submits letters of usage within the
     grace period provided under R.C. 5739.03 may submit
     additional evidence to the Board of Tax Appeals to
     substantiate and amplify the previously submitted
     evidence.
     (No. 93-328 -- Submitted November 12, 1993 -- Decided
August 24, 1994.)
     Appeal from the Board of Tax Appeals, No. 90-K-1515.
     The McLean Company ("McLean") sells equipment
primarily to asphalt paving contractors and to companies
engaged in mining.
     This appeal involves the rental of paving equipment
known as a Dynaplane to the Columbus Asphalt Company.  At
the time of the rental, McLean did not obtain an exemption
certificate.  Following the Tax Commissioner's examiner's
audit, on November 12, 1987, the commissioner's agent
served McLean with a sixty-day letter advising McLean of
the commissoner's intention to levy an assessment for
sales tax due as the result of the audit.
     McLean wrote to Columbus Asphalt Paving, Inc. on
December 1, 1987 for confirmation of the use by McLean of
the rented Dynaplane.  Columbus Asphalt replied, stating
that the Dynaplane was rented for use in an Ohio
Department of Transportation project, and enclosing an
exemption certificate.  McLean gave that information to
the commissioner's agent, who disallowed the letter of
usage.  The commissioner determined that "[e]quipment used
by contractors is taxable regardless of the status of the
project."
     McLean appealed the assessment to the Board of Tax
Appeals ("BTA") where additional evidence was presented.

The BTA reversed the commissioner's assessment, finding that testimony of McLean's treasurer, as corroborated by the letter of usage from Columbus Asphalt Paving, Inc., was sufficient to establish that the Dynaplane was directly used in the process of manufacturing asphalt and that the commissioner had erred in assessing the transaction. The commissioner appealed.

The cause is now before the court upon an appeal as of right.

McDonald, Hopkins, Burke & Haber Co., L.P.A., Albert N. Salvatore and Michael J. Jordan, for appellee.

Lee Fisher, Attorney General, and Duane M. White, Assistant Attorney General, for appellant.

Per Curiam. This appeal presents both a procedural issue and a substantive issue.

R.C. 5739.03(B) provides in part:

"If any sale is claimed to be exempt under * * * section 5739.02 of the Revised Code * * *, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax. * * * If no certificate is furnished or obtained * * * it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor * * * from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply."

The commissioner does not dispute the right of a taxpayer to obtain additional evidence within the sixty-day period but does contest the right of a taxpayer to present additional or supplemental evidence at a hearing before the Board of Tax Appeals. We addressed that issue in Rex Pipe & Supply Co. v. Limbach (1994), 69 Ohio St.3d 478, 480, 633 N.E.2d 1120, 1122, holding that "an assessee that submits letters of usage and other evidence within the grace periods provided under R.C. 5739.03 may submit additional evidence to the commissioner and the BTA to substantiate and amplify the previously submitted evidence."

We agree with the BTA's conclusion that the procedural decision to allow such explanatory evidence is not dispositive and that a review of the evidence to determine the substantive exemption issue is necessary.

The BTA noted that McLean sought exemption under former R.C. 5739.01(E)(2), [which excepted] sales in which the purpose of the consumer was "to use or consume the thing transferred directly in the production of tangible personal property." The BTA then found "the determination which must be made is '* * * when does the manufacturing or processing activity begin and end, and is the property used or consumed during and in the manufacturing or processing period?' Youngstown Building Material & Fuel Co. v. Bowers (1958), 167 Ohio St. 363, 367[5 O.O.2d 3, 5, 149 N.E.2d 1, 4]. We conclude that Brockman's testimony

provides sufficient evidence to demonstrate that the Dynaplane machine was directly used in the process of manufacturing asphalt."

We agree.

The decision of the BTA is neither unreasonable nor unlawful and it is affirmed.

Decision affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.