MCLEAN COMPANY, APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as *McLean Co. v. Limbach* (1994), 70 Ohio St.3d 84.]

(No. 93–328—Submitted November 12, 1993—Decided August 24, 1994.)

*McDonald, Hopkins, Burke & Haber Co., L.P.A., Albert N. Salvatore* and *Michael J. Jordan,* for appellee.

*Lee Fisher,* Attorney General, and *Duane M. White,* Assistant Attorney General, for appellant.

*Per Curiam.* This appeal presents both a procedural issue and a substantive issue.

R.C. 5739.03(B) provides in part:

"If any sale is claimed to be exempt under * * * section 5739.02 of the Revised Code * * *, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax. * * * If no certificate is furnished or obtained * * * it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor * * * from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply."

The commissioner does not dispute the right of a taxpayer to obtain additional evidence within the sixty-day period but does contest the right of a taxpayer to present additional or supplemental evidence at a hearing before the Board of Tax Appeals. We addressed that issue in *Rex Pipe & Supply Co. v. Limbach* (1994), 69 Ohio St.3d 478, 480, 633 N.E.2d 1120, 1122, holding that "an assessee that submits letters of usage and other evidence within the grace periods provided under R.C. 5739.03 may submit additional evidence to the commissioner and the BTA to substantiate and amplify the previously submitted evidence."

We agree with the BTA's conclusion that the procedural decision to allow such explanatory evidence is not dispositive and that a review of the evidence to determine the substantive exemption issue is necessary.

The BTA noted that McLean sought exemption under former R.C. 5739.-01(E)(2), which excepted sales in which the purpose of the consumer was "to use or consume the thing transferred directly in the production of tangible personal

property." The BTA then found "the determination which must be made is ' * * * when does the manufacturing or processing activity begin and end, and is the property used or consumed during and in the manufacturing or processing period?' *Youngstown Building Material & Fuel Co. v. Bowers* (1958), 167 Ohio St. 363, 367 [5 O.O.2d 3, 5, 149 N.E.2d 1, 4]. We conclude that Brockman's testimony provides sufficient evidence to demonstrate that the Dynaplane machine was directly used in the process of manufacturing asphalt."

We agree.

The decision of the BTA is neither unreasonable nor unlawful and it is affirmed.

*Decision affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.