[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 183.]

SHUGARMAN SURGICAL SUPPLY, INC., APPELLANT, *v.* ZAINO, TAX COMMR.,
APPELLEE.

[Cite as *Shugarman Surgical Supply, Inc. v. Zaino,* 2002-Ohio-5809.]

*Taxation—Sales tax—Board of Tax Appeals' decision concerning sales and use*
*tax liability on retail supplier of health care equipment and supplies*
*affirmed—R.C. 5739.02 and 5739.03, construed and applied.*

(No. 2001-1854—Submitted October 15, 2002—Decided November 6, 2002.)

APPEAL from the Board of Tax Appeals, No. 97-D-1537.

_____

**Per Curiam.**

{¶1} Shugarman Surgical Supply, Inc. is a retail supplier of health care equipment and supplies. The Tax Commissioner audited Shugarman's sales and purchases in Williams County for the period December 1, 1988, to May 31, 1991, and in Lucas County for the period July 1, 1988, through June 30, 1991. Prior to the sales tax audits Shugarman and the Tax Commissioner entered into a written agreement that provided that the months of April through June 1991 would be used as the test period to determine compliance with the sales tax laws. The rate of error established as to each county during the test period was to be applied to sales for the balance of the audit period to determine any tax liability that might be due.

{¶2} Shugarman had no exemption certificates on file for any sales made prior to the audit. After a preliminary examination of the records, Shugarman was given notice that it had 60 days to establish that sales it claimed as exempt were not subject to tax. Shugarman did not present evidence of the exemption of any items in response to the 60-day notice. The Tax Commissioner issued his sales and use tax assessment, and Shugarman filed a petition for reassessment.

**{¶3}** After it filed its petition for reassessment, the Tax Commissioner notified Shugarman that it had another 90 days to obtain additional evidence that the contested transactions were subject to a statutory claim of exception or exemption. Shugarman filed one letter from a customer claiming exemption, which was allowed.

**{¶4}** Following a hearing, the Tax Commissioner issued his final determination, which allowed some, but not all, of Shugarman's objections, whereupon, Shugarman filed an appeal with the Board of Tax Appeals ("BTA").

**{¶5}** At the hearing before the BTA, Shugarman's only witness was a former employee who was in charge of Shugarman's operations during the audit period. The witness described the various equipment and supplies for which Shugarman was seeking exemption. The BTA held some of the items to be exempt, but otherwise affirmed the commissioner's final determination, finding that Shugarman had failed to meet its burden of proof to show error in the assessment.

**{¶6}** This cause is now before the court upon an appeal as of right.

**{¶7}** In its first proposition of law, Shugarman claims exemption from sales tax for its sales of the following items: apnea monitors, lift chairs, patient lifts, raised toilets, bedpans and commodes, chuk pads, tub benches and rails, breast pumps, suction machines and supplies, and transcutaneous electrical nerve stimulators ("TENS"). Shugarman contends that uses of these items are restricted to uses exempted by R.C. 5739.02(B)(19) and, therefore, that it does not need exemption certificates or evidence from customers explaining their use of the items purchased. We disagree.

**{¶8}** During the audit period, R.C. 5739.02(B)(19) provided exemption for "[s]ales of artificial limbs or portion thereof, breast prostheses, and other prosthetic devices for humans; braces or other devices for supporting weakened or nonfunctioning parts of the human body; wheelchairs; devices used to lift wheelchairs into motor vehicles and parts and accessories to such devices; crutches

or other devices to aid human perambulation; and items of tangible personal property used to supplement impaired functions of the human body such as respiration, hearing, or elimination." 1988 Am.Sub.S.B. No. 386, 142 Ohio Laws, Part I, 1501.

{¶9} In considering a claim for exemption from the retail sales tax, we start with the presumption set forth in R.C. 5739.02 that "all sales made in this state are subject to the tax until the contrary is established." In order for a sale to be exempted or excepted from taxation there must be an applicable statutory exemption or exception.

{¶10} R.C. 5739.03(B) provides, "If any sale is claimed to be exempt * * * under section 5739.02 of the Revised Code, with the exception of divisions (B)(1) to (11) or (28) of section 5739.02 of the Revised Code, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax." Shugarman did not obtain any exemption certificates from its customers for any of the items in question. However, Shugarman contends that it is relieved of the obligation to obtain either certificates of exemption or letters of usage by R.C. 5739.03(B), which provides that "[c]ertificates need not be obtained nor furnished * * * where the item of tangible personal property sold * * * is never subject to the tax imposed, regardless of use * * *."

{¶11} Shugarman claims that all of the items for which it seeks exemption fit into one or more of the following exemptions included in R.C. 5739.02(B)(19): (1) braces or other devices for supporting weakened or nonfunctioning parts of the human body, (2) crutches or other devices to aid human perambulation, or (3) items of tangible personal property used to supplement impaired functions of the human body such as respiration, hearing, or elimination.

{¶12} R.C. 5739.03(B) may be applicable to some items specifically described in R.C. 5739.02(B)(19), but it is not applicable to all. For instance, R.C.

5739.02(B)(19) exempts sales of wheelchairs, regardless of use. However, none of the items for which Shugarman claims exemption is listed in R.C. 5739.02(B)(19) as being exempt regardless of use.

{¶13} When considering exemptions, we are mindful that "[s]tatutes relating to exemption or exception from taxation are to be strictly construed, and one claiming such exemption or exception must affirmatively establish his right thereto." *Natl. Tube Co. v. Glander* (1952), 157 Ohio St. 407, 47 O.O. 313, 105 N.E.2d 648, paragraph two of the syllabus.

{¶14} The vendor in *Maxxim Med., Inc. v. Tracy* (1999), 87 Ohio St.3d 337, 340, 720 N.E.2d 911, like Shugarman in this case, claimed exemption under R.C. 5739.02(B)(19) for its sales of TENS units. And, as Shugarman has done in this case, Maxxim contended that it was not required to obtain exemption certificates because R.C. 5739.03(B) provides that certificates of exemption need not be obtained where the property sold is never subject to tax, "regardless of use." We rejected Maxxim's claim, stating that "[t]he mere fact that a device 'can' be used for an exempt purpose, such as aiding human perambulation or to supplement impaired functions of the human body such as respiration, hearing, or elimination, does not mean that its sale is always exempted or excepted from taxation regardless of its use." The evidence in *Maxxim* showed that TENS units had a multitude of uses, not all of which were exempt. Therefore, "Maxxim had to provide either certificates of exemption or acceptable letters of usage to account for its failure to collect the tax." That same burden of proof is applicable to the items for which Shugarman now seeks exemption.

{¶15} Since the items which Shugarman seeks to exempt are not exempted by statute regardless of use, Shugarman had to obtain certificates of exemption or provide some evidence of exempt usage.

{¶16} However, since Shugarman provided neither timely exemption certificates nor additional evidence to the commissioner within the grace periods

4

provided by R.C. 5739.03, it was barred from seeking to prove exempt use under R.C. 5739.02(B)(19). *Rex Pipe & Supply Co. v. Limbach* (1994), 69 Ohio St.3d 478, 633 N.E.2d 1120, and *Frankelite Co. v. Lindley* (1986), 28 Ohio St.3d 29, 34, 28 OBR 90, 502 N.E.2d 213.

{¶17} Thus, Shugarman did not meet its burden of proving that the sales in question were exempt.

{¶18} Shugarman also contends that it should not be taxed for sales of apnea monitors because it did not actually sell the monitors but simply received fees for facilitating sales by hospitals. Shugarman did not raise that issue either in its petition for reassessment or in its notice of appeal to the BTA. Therefore, we lack jurisdiction to consider the issue. *CNG Dev. Co. v. Limbach* (1992), 63 Ohio St.3d 28, 584 N.E.2d 1180.

{¶19} Shugarman's next proposition of law has two parts. In the first part Shugarman contends that the error rate calculated by the commissioner was not accurate because the sample period was after Shugarman discontinued its Columbus and van-modification divisions. However, the sample period used to calculate the error rate was set forth in a written agreement signed by Shugarman and the commissioner. It states, "It is agreed that a representative test period for sales during the audit period would be the months of April 1991, May 1991 and June 1991. These months will be used to determine compliance with the Ohio sales and use tax laws." Shugarman may not like the results obtained by using the months agreed to with the commissioner, but that does not invalidate the agreement. When Shugarman signed the test check agreement it waived any objection covering the test-check period. *Akron Home Med. Services, Inc. v. Lindley* (1986), 25 Ohio St.3d 107, 111, 25 OBR 155, 495 N.E.2d 417.

{¶20} In the second part of this proposition of law, Shugarman contends that the gross sales used by the commissioner to calculate the amount of sales tax erroneously included sales amounts for the Columbus and van divisions. The

burden was on Shugarman to show that in fact the gross sales figures used by the commissioner in calculating the tax erroneously included the amounts claimed. However, Shugarman failed to produce any evidence to show that the figures used by the commissioner erroneously included these amounts. Shugarman did not meet its burden of proof.

{¶21} Finally, Shugarman contends that certain items upon which it was assessed a use tax were purchased for resale and were in fact resold to a customer. Here, again, the facts as found by the BTA do not support Shugarman's contention. In its decision the BTA stated, "How, when and under what circumstances and conditions these items were in fact disposed of, if at all, is not clear in the record. It seems certain, however, that these items were not sold or otherwise transferred in the same form in which they had been acquired by the purchaser, Shugarman Surgical Supply, Inc." This court is not a " 'super' board of tax appeals." *Hercules Galion Products, Inc. v. Bowers* (1960), 171 Ohio St. 176, 12 O.O.2d 292, 168 N.E.2d 404. We will not reweigh the evidence. We find no merit in Shugarman's contention.

{¶22} The decision of the BTA is reasonable and lawful and it is affirmed.

Decision affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents.

_____

Buckingham, Doolittle & Burroughs, L.L.P., Steven A. Dimengo and Christopher C. Esker, for appellant.

Betty D. Montgomery, Attorney General, and Barbara L. Barber, Assistant Attorney General, for appellee.

_____