*195
 
 By the Court.
 

 The first question presented is procedural.
 

 The appellees have filed a motion to dismiss the appeals on the ground that proper notices of appeal were not filed in this court or with the Board of Tax Appeals.
 

 An examination of the record discloses that but one notice or paper was filed in each tribunal. However, that notice or paper contained the file numbers of the four applications in the Board of Tax Appeals. It is the contention of the appellees that this is improper and insufficient under Section 5611-2, General Code, providing that such appeals shall be perfected “by the filing by appellant of a notice of appeal with the Supreme Court of Ohio and with the Board of Tax Appeals.” The appellees insist that a separate notice should have been filed ‘for- each of the four decisions. Quite obviously this would have been the proper procedure: but was it necessary? As observed by the appellees, the four matters were not consolidated in the Board of Tax Appeals. It is true that no such order was made by the board. However, the board did consider the four matters together and dis-' posed of them at the same time by means of only three entries, inasmuch as but. one entry was employed in denying the two applications for exemption. But, in any event, there is no statutory prohibition against combining several notices of appeal into one complete statement in a single paper or document; and it is conceded that this appellant “set forth the decision of the Board of Tax Appeals appealed from and the errors therein complained of” in each case, as required by Section 5611-2, General Code. The court is of the opinion that this was sufficient and that under these circumstances the appellees’ motion to dismiss the appeals must be overruled.
 

 
 *196
 
 The sole substantive question involved in this controversy is whether the appellant’s land is exempt from taxation under the constitution and statutes of this state.
 

 Section 2 of Article XII of the Constitution of Ohio provides in part that ‘‘ general laws may be passed to exempt burying’ grounds ’ ’ from taxation.
 

 Section 5350, General Code, reads as follows:
 

 “Lands used exclusively as graveyards, or grounds for burying the dead, except such as are held by a person, company or corporation with a view to profit, or for the purpose of speculating in the sale thereof, shall be exempt from taxation.”
 

 Section 10093, General Code, provides in part that:
 

 “A company or association incorporated for cemetery purposes may appropriate or otherwise acquire and may hold, not exceeding six hundred forty acres of land which * * * shall be exempt from taxation, if held exclusively for cemetery or burial purposes, and in no wise with a view to profit * *
 

 In the year 1936, for the nominal consideration of $1 the appellant, the Sunset Memorial Park Association, a corporation not for profit, acquired the land from the Sunset Memorial Park, Inc., a corporation for profit. At that time there were “three or four hundred” stockholders in the profit corporation. In order to effect a settlement of a controversy with these stockholders the appellant nonprofit corporation gave them approximately 3,000 lots or graves or sepulture rights on a basis of $30 each and according to the amount of stock held. Each stockholder was given the privilege of selling his lots for whatever price he might be able to obtain in order to realize as large a sum as possible from his investment. The appellant
 
 *197
 
 has assisted the stockholders to find purchasers for their lots. At the time of the hearing approximately 20 had been so sold.
 

 In summarizing the matter the Board of Tax Appeals said:
 

 “It is quite evident that these lots so sold for the former stockholders of Sunset Memorial Park, Inc., are not held by such individuals exclusively for the burial of the dead, but are privately held by the owners thereof- with a view to profit or at least with a view of securing- back the original investment made by said stockholders.”
 

 With this statement this court finds itself in agreement.
 

 In the syllabus in the recent case of
 
 Crown Hill Cemetery Assn. v. Evatt, Tax Commr.,
 
 143 Ohio St., 399, 55 N. E. (2d), 660, this court held:
 

 “2. To be exempt from taxation under the provisions of Sections 5350 and 10093, General Code, lands must be used or held exclusively for the burial of the dead, and such lands held by anyone with a view to profit or for speculative purposes are not exempt from taxation. # * #
 

 “4. Where a cemetery association seeks to have exempted from taxation its real property laid out in cemetery lots, and a number of such lots are held by persons for profit or speculation, a decision of the Board of Tax Appeals denying- exemption
 
 in toto
 
 is not unreasonable or unlawful, when no evidence is offered whereby it may be determined which portion of the cemetery lands is held for profit or speculation and which portion might be exempt from taxation under the law.”
 

 These principles are decisive of the instant case.
 

 
 *198
 
 The decisions of the Board of Tax Appeals are neither unreasonable nor unlawful and must be affirmed.
 

 Decisions affirmed.-
 

 Weygandt, C. J., Zimmerman, Turner and Matthias, JJ., concur.
 

 Bell, Williams and Hart, JJ., concur in the procedural question but dissent from the judgment on the merits.