INTER-CITY FOODS, INC., D. B. A. BILL'S DINER, APPELLEE, *v.* KOSYDAR, TAX COMMR., APPELLANT.

[Cite as Inter-City Foods v. Kosydar (1972), 30 Ohio St. 2d 159.]

(No. 71-312—Decided May 17, 1972.)

*Mr. Ralph L. Kinsey,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Peter A. Stratigos,* for appellant.

Corrigan, J. We are herein only concerned with the notice of appeal filed by appellee in the Court of Appeals for Stark County and its accord with R. C. 5717.04, which provides, in part, that such notice of appeal "shall set forth * * * the errors therein complained of."

It is appellant's contention that, "Where a taxpayer in his notice of appeal from a decision of the Board of

Tax Appeals to a Court of Appeals employs language so broad and general that the same language might apply in almost any case, the appellate court is not vested with jurisdiction to hear the appeal pursuant to Section 5717.04, Revised Code.''

It is pointed out in appellant's brief that we held in *Richter Transfer Co.* v. *Bowers* (1962), 174 Ohio St. 113, that, ''Strict compliance with the statutory requirements with respect to appeals provided for in Chapter 5717, Revised Code, is required.'' *Richter* was a direct appeal from the Board of Tax Appeals to this court.

It must be noted that in the notice of appeal in *Richter*, complaint No. 4 urged that ''the decision is against the weight of the evidence.'' The weight of the evidence involves a review of the whole record, and the Court of Appeals is the appropriate appellate forum for that purpose. *Ace Steel Baling* v. *Porterfield* (1969), 19 Ohio St. 2d 137.

The General Assembly has stated (R. C. 2505.31),[1] and we have long held, that this court is not required to weigh evidence in civil cases. It is the established practice of this court ''to refuse to weigh the evidence to determine its sufficiency or where the preponderance lies or whether correct conclusions as to the facts were reached by the court below.'' *State, ex rel. Pomeroy,* v. *Webber* (1965), 2 Ohio St. 2d 84.

It was for these reasons that this court, in *Richter*, sustained appellee's motion to dismiss the appeal, stating ''that the notice of appeal in the instant case does not sufficiently set forth 'the errors therein complained of' and, therefore, is not a sufficient compliance with the statutory requirement.''

However, as to this appeal from the Board of Tax

---

[1]R. C. 2505.31:

''In a civil case or proceeding, except when its jurisdiction is original, and except as provided by Section 2309.59 of the Revised Code, the Supreme Court need not determine as to the weight of the evidence.''

Appeals to the Court of Appeals, it is an appeal on questions of law and R. C. 2505.01[2] provides that this includes the weight and sufficiency of the evidence. The statutes in R. C. Chapter 2505, being general appeals' statutes making provisions, *inter alia*, for appeals from the findings and orders of the administrative officers or commissions when provided by law, and R. C. 5717.04, setting forth the requirements for an appeal from the Board of Tax Appeals, are *in pari materia*. Therefore, if possible, their provisions should be reconciled. See *Trotwood Trailers* v. *Evatt* (1943), 142 Ohio St. 197.

Accordingly, in our view, the notice of appeal to the Court of Appeals in the instant case, which complains, *inter alia*, of error in that the final order of the Board of Tax Appeals was against the manifest weight of the evidence, enumerates with specificity an error and is adequate to vest jurisdiction in the Court of Appeals to hear the appeal.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, STERN, LEACH and BROWN, JJ., concur.

---

[2]R. C. 2505.01:

"(B) 'Appeal on questions of law' means a review of a cause upon questions of law including the weight and sufficiency of the evidence."