44

DEERHAKE, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Deerhake *v.* Limbach (1989), 47 Ohio St. 3d 44.]

(No. 88-742—Submitted September 27, 1989—Decided November 29, 1989.)

*Drake, Phillips, Kuenzli, Clark & Weasel* and *Thomas D. Drake,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellee.

*Per Curiam.* R.C. 5717.04 provides:

"The proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal to the supreme court * * *.

"Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings * * * by the filing by appellant of a notice of appeal with the court * * * and the board. * * * *A notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of. * * *"* (Emphasis added.)

In *Lawson Milk Co.* v. *Bowers* (1961), 171 Ohio St. 418, 420, 14 O.O. 2d 217, 218, 171 N.E. 2d 495, 496, we dismissed an appeal from the BTA because the notice "* * * [did] not sufficiently set forth 'the errors therein complained of' and, therefore, * * * [was] not a sufficient compliance with the statutory requirement." The appellant there simply complained about the BTA's decision in general. We cited *Queen City Valves, Inc.* v. *Peck* (1954), 161 Ohio St. 579, 53 O.O. 430, 120 N.E. 2d 310, in which we affirmed a dismissal of an appeal to the BTA, and reviewed the notice of appeal filed in that case. Among the errors listed were that the decision was contrary to law and against the manifest weight of the evidence, exactly the errors Deerhake presents here. We cited favorably to the *Lawson* holding in *Richter Transfer Co.* v. *Bowers* (1962), 174

Ohio St. 113, 21 O.O. 2d 369, 186 N.E. 2d 832, in which the notice listed, *inter alia,* the same errors as here. In both cases we repeated our ruling that an appellant must strictly comply with the requirements of R.C. Chapter 5717. See, also, *Hile* v. *Limbach* (1989), 44 Ohio St. 3d 197, 198, 542 N.E. 2d 651, 652-653.

The instant notice of appeal uses general language which could be used in nearly any case and, thus, fails to set forth sufficiently the errors claimed. It is, therefore, defective and the appeal must be dismissed.

Moreover, we reject Deerhake's attempt to amend his notice. First, in *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E. 2d 93, paragraph three of the syllabus, we held that an appellant, in an appeal to the BTA, could not amend a timely filed notice, to comply with other mandatory code requirements, after the expiration of the statutory appeal period. We extend this holding to appeals filed with this court under R.C. 5717.04. "* * * Any

of the other statutory requirements as to the notice would be a nullity if, subsequent to the time prescribed for perfection of the appeal, amendment of the notice, by supplying the statements required by the statute, would be permitted; for that would be equivalent to filing the required notice of appeal after the expiration of the time limit prescribed therefor. * * *" *Id.* at 151, 34 O.O. at 10, 70 N.E. 2d at 95.

Second, the cases cited by Deerhake consider filings under the Appellate Rules adopted in the wake of the Modern Courts Amendment, and the courts have been more liberal in those instances. However, Deerhake filed his appeal under a tax statute, and he must follow it strictly.

Accordingly, we deny Deerhake's motion to amend his notice of appeal, but grant the commissioner's motion to dismiss the appeal.

*Appeal dismissed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.