**SUMMIT COUNTY BUDGET COMMISSION et al., Appellants,**

v.

**COVENTRY TOWNSHIP et al., Appellees.**

[Cite as *Summit Cty. Budget Comm. v. Coventry Twp.* (1990), 67 Ohio App.3d 13.]

Court of Appeals of Ohio,
Summit County.

No. 14132.

Decided March 21, 1990.

*Lynn Slaby,* Prosecuting Attorney, and *William E. Schultz,* for appellants.

*Richard L. Goldsmith,* for appellee village of Munroe Falls.

*Clarence C. Carlin,* for appellee Reminderville Village.

*Timothy Assaf,* for appellee Franklin Township.

*Orval R. Hoover,* for appellee city of Macedonia.

*Leland D. Cole,* for appellee village of Peninsula.

*Robert A. Edwards,* for appellee Copley Township.

*Geoffrey Kennedy,* Law Director, for appellee Cuyahoga Falls.

*Charles E. Merchant,* for appellee village of Hudson.

*Carl M. Layman,* for appellee village of Silver Lake.

*John C. Freeman,* for appellee city of Norton.

*James R. Graves,* Law Director, for city of Fairlawn.

*Kenneth G. Spahr* and *Irving Sugerman,* for appellees.

---

*Per Curiam.*

Coventry Township and Franklin Township appealed, pursuant to R.C. 5705.37, to the Board of Tax Appeals, from a decision of the Summit County Budget Commission ("budget commission") which determined the appropriation for the Summit County General Health District. The townships alleged that the budget commission failed to act in accordance with R.C. 3709.28 in fixing the aggregate appropriation for the 1987 budget year. Therefore, the amount apportioned among the townships and municipal corporations comprising the health district exceeded that amount which R.C. 3709.28 provides, in that the estimated balance from the previous appropriation was not deducted from the aggregate appropriation.

The Board of Tax Appeals ("the board") issued a decision and order on May 5, 1989. In that decision, the board set out a chronology of events prescribed in R.C. 3709.28. The board also included factual findings based upon the evidence which included stipulations. The board found that the health district timely certified to the county auditor an itemized appropriation measure. The auditor submitted the appropriation measure to the budget commission. The appropriation measure contained an estimated balance from the previous appropriation, the 1985 budget year. That balance was inexplicably less than and seemingly unrelated to the actual unexpanded balance from the 1985 budget year. The board found that, pursuant to the express language of R.C. 3709.28, the budget commission must reduce the aggregate appropriation in an amount which includes the estimated balance from the previous appropria-

tion. Failure to adequately reduce the aggregate appropriation permits the health district to accumulate available funds in the proposed budget year for purposes not included within the authorized appropriation measure.

Finding the actions concerning the 1987 appropriation to be in direct contravention of the express terms of R.C. 3709.28, the board issued an order to remedy the 1987 appropriation. The Summit County Auditor was ordered to adjust the apportioned amount of the 1989 health district appropriation. The auditor was ordered to deduct from the semiannual appropriation the amount specified in the board's decision for each subdivision comprising the health district.

The budget commission et al. appeal pursuant to R.C. 5717.04.

### Assignments of Error

"I. The Board of Tax Appeals' decision was clearly against the weight of the eivdence [*sic*] by finding that '[U]ndoubtedly, the previous appropriation balance from the previous appropriation was known by the Health District and the County Auditor at the time the information prescribed by O.R.C. 3709.28 was certified to the Summit County Auditor, in this instance, i.e., the amount reflected on the Health District's formal report for 1986—$564,818.03 (Stip., Ex. D.)'

"II. The Board of Tax Appeals' decision was clearly against the weight of the evidence that the amount of ($261,226.03) is an unreported savings account held by the Summit General Health District in violation of O.R.C. 3709.28."

The appellants contend that the findings of the board are against the manifest weight of the evidence. Specifically, appellants argue that estimating a balance from the previous appropriation requires an estimate of the 1986 balance. Also, appellants argue that the board could not determine an adjustment amount when the health district is only required to estimate the balance forward and not include in the itemized appropriation the actual balance.

■ This court's review of the board's decision is limited. If this court reviews the record and decides that the decision of the board appealed from is reasonable and lawful, this court must affirm the decision. R.C. 5717.04. In review, this court accepts the facts as are set forth in the board's decision. *Inter–City Foods v. Kosydar* (1972), 30 Ohio St.2d 159, 161–162, 59 O.O.2d 164, 165–167, 283 N.E.2d 161, 162–163.

■ The board determined that the aggregate appropriation was not reduced in the amounts available to the general health district from the several sources of revenue, including the estimated balance from the previous appro-

priation as R.C. 3709.28 requires. This court finds that the decision is reasonable and lawful.

The assignments of error are overruled.

### Assignment of Error III

"The Board of Tax Appeals erred in its decision by ordering a remedy which is incompatible with other provisions of O.R.C. [Chapter] 5705 and following."

█ Appellants contend that the board ordered a remedy which is contrary to law. This court does not agree.

R.C. 5705.37, 3709.28 and 3709.31 provide authority to permit the board's order.

The assignment of error is overruled.

The decision and order are affirmed. This judgment is certified to the board pursuant to R.C. 5717.04 for such action as is required to give effect to the decision.

*Decision affirmed.*

CACIOPPO, P.J., REECE and CIRIGLIANO, JJ., concur.