HOPE, APPELLANT, *v.* HIGHLAND COUNTY BOARD OF REVISION, APPELLEE.

[Cite as Hope *v.* Highland Cty. Bd. of Revision (1990), 56 Ohio St. 3d 68.]

(No. 90-179—Submitted September 27, 1990—Decided December 12, 1990.)

*Jack I. Hope, pro se,* for appellant.

*Rocky A. Coss,* prosecuting attorney, and *Ralph W. Phillips,* for appellee.

*Per Curiam.* Adherence to the provisions of the appellate statutes is essential to confer jurisdiction upon the BTA to hear appeals. *American Restaurant & Lunch Co.* v. *Bowers* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E. 2d 93. R.C. 5717.01 is specific and mandatory. It requires that notice of appeal be filed by the appellant both with the board of revision and with the BTA. Failure to comply with the appellate statute is fatal to the appeal. *Austin Co.* v. *Cuyahoga Cty. Bd. of Revision* (1989), 46 Ohio St. 3d 192, 546 N.E. 2d 404. See, also, *Fineberg* v. *Kosydar* (1975), 44 Ohio St. 2d 1, 73 O.O. 2d 1, 335 N.E. 2d 705; and *Zephyr Room, Inc.* v. *Bowers* (1955), 164 Ohio St. 287, 58 O.O. 67, 130 N.E. 2d 362.

The decision of the BTA is neither unreasonable nor unlawful and it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.