LOMAZ FINANCIAL CORPORATION et al., Appellants,

v.

LIMBACH, Tax Commr., Appellee.

[Cite as *Lomaz Financial Corp v. Limbach* (1991), 77 Ohio App.3d 568.]

Court of Appeals of Ohio,
Portage County.

Nos. 90–P–2272 and 90–P–2276.

Decided Oct. 2, 1991.

*Mark H. Ludwig,* for appellants.

*Lee Fisher,* Attorney General, and *Richard C. Farrin,* Assistant Attorney General, for appellee.

---

FORD, Presiding Judge.

Appellants, Lomaz Financial Corporation and Midwest Fireworks Manufacturing Co., Inc., appeal from two separate decisions of the Board of Tax Appeals ("BTA") dismissing their respective cases pursuant to R.C. 5717.02. Appellants filed separate notices of appeal with this court pursuant to R.C. 5717.04. Each notice specified identical errors, and the appeals have been consolidated for hearing and disposition. The facts are not in dispute.

On November 15, 1989, appellants filed two separate notices of appeal with the BTA from a final determination of the Tax Commissioner issued October 16, 1989. Each notice attached a copy of the commissioner's final determination and specified the same error:

" * * * the Determination of the Tax Commissioner is contrary to the law and is against the manifest weight of and without sufficient evidence."

On September 13, 1990, the commissioner moved to dismiss each appeal, asserting that the notices to the BTA failed to specify the claimed errors pursuant to R.C. 5717.02. Appellants opposed the commissioner's motion, maintaining that: (1) each motion to dismiss was untimely under Ohio Adm. Code 5717–1–11(A); and (2) the notices of appeal were indeed sufficient because Ohio Adm.Code 5717–1–04(C) requires no specificity in the claimed errors beyond the incorporation of the final order.

In separate decisions and orders, the BTA dismissed appellants' appeals holding that the respective notices of appeal failed to comply with R.C. 5717.02 which requires that a notice of appeal "specify" the claimed errors.

Pursuant to R.C. 5717.04, appellants timely filed separate notices of appeal with this court, attaching copies of the BTA decisions, and setting forth the following claimed errors:

" * * * the Board of Tax appeals erred in finding and determining that a motion to dismiss the appeal to it should be granted for failure of that Notice

of Appeal to specify the errors complained of, in that the Notice of Appeal to the Board of Tax Appeals did, by incorporated reference, sufficiently specify the errors complained of; that the Board of Tax Appeals erred, as a matter of law, in relying upon certain cases cited in its decision to dismiss the appeal which are clearly distinguishable from the present case; and, that the Board failed to serve its decision in accordance with R.C. 5717.03, all such that the finding and determination of the Board of dismissal is unreasonable and unlawful and should be reversed."

Before addressing the appellants' individual assignments of error, it is both necessary and appropriate that this court establish the existence of a jurisdictional basis to review the decisions of the BTA.

R.C. 5717.04 provides, in pertinent part:

"The proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal to the supreme court or the court of appeals * * *.

"Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings * * * by the filing by appellant of a notice of appeal with the court * * * and the board. * * * *A notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of.* * * *"* (Emphasis added.)

■ A notice of appeal filed with the Supreme Court or the court of appeals pursuant to R.C. 5717.04 must sufficiently "set forth" the claimed errors. Such notice has been held to be defective if it uses " * * * general language which could be used in nearly any case * * *." *Deerhake v. Limbach* (1989), 47 Ohio St.3d 44, 45, 546 N.E.2d 1327, 1328  In *Deerhake,* the court held a R.C. 5717.04 notice of appeal which merely states that the decision of the BTA is "against the manifest weight of the evidence and contrary to law" was insufficient to invoke the jurisdiction of the court. *Id.* at 44, 546 N.E.2d at 1327.

The notice of appeal filed with this court in the instant case is distinguishable from *Deerhake.* Here, the notice alleged the BTA erred in granting the commissioner's motion to dismiss, based upon three specific assertions—namely that: (1) the notices of appeal filed with the BTA pursuant to R.C. 5717.02 sufficiently specified the claimed errors; (2) the BTA erred, as a matter of law, in relying upon distinguishable cases; and (3) the board failed to serve its decision in accordance with R.C. 5717.03.

Accordingly, appellants have invoked the jurisdiction of the court.

In their appellate briefs, appellants set forth the following as their first assignment of error:

"The Board of Tax Appeals erred in determining that the Commissioner's motions to dismiss these appeals were *timely.*" (Emphasis added.)

█ Although appellants raised this issue before the BTA, they failed to assert it in their notice of appeal with this court. Where an appealing taxpayer does not set forth a specific point of error in his notice of appeal to the court of appeals, he cannot subsequently enlarge his appeal by setting forth such error as one of the questions presented in his brief. See *Riss & Co., Inc. v. Bowers* (1961), 114 Ohio App. 429, 183 N.E.2d 795; See also, 86 Ohio Jurisprudence 3d (1988) 258, Taxation, Section 215. Accordingly, appellants' first assignment is beyond this court's scope of review.

█ Nevertheless, the timeliness of the Tax Commissioner's motions to dismiss will be addressed.

Ohio Adm.Code 5717-1-11(A) provides:

" * * * Except for good cause shown, motions shall be filed within a *reasonable period of time* so as to permit the board to consider and respond thereto in the orderly course of the board's business." (Emphasis added.)

In the case *sub judice,* appellants filed their notices of appeal with the BTA on November 11, 1989. On August 9, 1990, the parties were advised that an evidentiary hearing would be held on September 21, 1990. On September 13, 1990, the commissioner filed motions to dismiss asserting that the BTA lacked jurisdiction to hear the appeals. The commissioner asserted that appellants' notices of appeal did not specify the claimed errors pursuant to R.C. 5717.02. Appellants filed opposition to these motions, maintaining that they were not filed "within a reasonable period of time." Ohio Adm.Code 5717-1-11(A).

The BTA concluded that the motions were filed within a "reasonable period of time" and dismissed appellants' appeals holding that the notices failed to specify the claimed errors as required by R.C. 5717.02.

A "reasonable period of time" under Ohio Adm.Code 5717-1-11(A) has evaded judicial interpretation. However, the *timeliness* of the commissioner's motion to dismiss is irrelevant, because it raises jurisdictional questions.

Issues involving the sufficiency of the notice of appeal under R.C. 5717.02 are jurisdictional. Compliance with the statute's requirements is essential to invoke the jurisdiction of the BTA. *Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93; *Lenart v. Lindley* (1980), 61 Ohio St.2d 110, 15 O.O.3d 152, 399 N.E.2d 1222. Such jurisdictional matters can be raised at any time by a party, *or by the court sua sponte.* Thus, the timeliness of the commissioner's motions to dismiss was irrelevant to the jurisdictional determination, and appellants' first assignment of error is without merit.

■ Under the second assignment of error set forth in the appellate briefs, appellants assert that:

"The Board of Tax Appeals erred in determining that appellants' notices of appeal were insufficient."

Appellants argue that the attachment and incorporation by reference of the commissioner's Certificates of Determination fulfilled the requirements of R.C. 5717.02.

R.C. 5717.02 provides, in pertinent part:

"The notice of appeal shall have attached thereto and incorporated therein by reference a true copy of the notice sent by the commissioner * * * to the taxpayer * * * of the final determination or redetermination complained of, *and* shall also specify therein the errors complained of * * *." (Emphasis added.)

Under the clear language of R.C. 5717.02, the requirement that the taxpayer attach and incorporate by reference a copy of the final determination of the tax commissioner is *separate and distinct* from the requirement that the taxpayer specify the claimed errors. Accordingly, appellants must separately specify their "errors complained of" in their notices of appeal.

■ In their notices filed with the BTA pursuant to R.C. 5717.02, appellants maintained that the determination of the Tax Commissioner was "contrary to the law and * * * against the manifest weight of and without sufficient evidence." This is clearly insufficient to fulfill the statutory requirements without particularizing the claimed error with precise exactness as it would relate, for example, to a manifest weight or sufficiency claim.

In *Queen City Valves, Inc. v. Peck* (1954), 161 Ohio St. 579, 53 O.O. 430, 120 N.E.2d 310, syllabus, the Ohio Supreme Court noted:

"On an appeal from an order of the Tax Commissioner to the Board of Tax Appeals, * * * (Section 5717.02, Revised Code) * * * requires that the notice of appeal shall *specify* the errors complained of; a notice of appeal which does not enumerate in definite and specific terms the precise errors claimed but uses language so broad and general that it might be employed in nearly any case is insufficient to meet the demands of the statute; and a decision of the Board of Tax Appeals dismissing for want of jurisdiction an appeal predicated on such a notice of appeal will not be reversed by this court as unlawful or unreasonable."

The language in the case *sub judice* is virtually the same language which was found to be jurisdictionally insufficient in *Queen City Valves, supra,* at 580, 53 O.O. at 431, 120 N.E.2d at 311. Accordingly, appellants' second assignment is equally without merit.

Based upon the foregoing, the decisions of the Board of Tax Appeals are affirmed.

*Decisions affirmed.*

JOSEPH E. MAHONEY and NADER, JJ., concur.