RESERVE BUILDING ASSOCIATES, LIMITED, Appellant,

v.

McCORMACK, Cty. Aud., et al., Appellees.

[Cite as *Reserve Bldg. Assoc., Ltd. v. McCormack* (1995), 102 Ohio App.3d 688.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67059.

Decided May 1, 1995.

*Thompson, Hine & Flory, Robert D. Monnin, David L. Parham, Dena M. Kobasic* and *H. Kevin McNeelege,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Saundra Curtis-Patrick,* Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Revision and Cuyahoga County Auditor.

*Armstrong, Mitchell & Damiani, Timothy J. Armstrong* and *Deborah J. Papushak,* for appellee Cleveland Board of Education.

---

NAHRA, Judge.

Appellant Reserve Building Associates, Ltd. appeals from an order of the Cuyahoga County Court of Common Pleas. In its order, the trial court granted appellee Cleveland Board of Education's motion to dismiss appellant's appeal from the decision of the Cuyahoga County Board of Revision. For the reasons which follow, this court reverses the trial court's order and remands this case for further proceedings.

The record reveals that on March 31, 1992, appellant filed a complaint with the board seeking a reduction of the assessed value for Cuyahoga County Permanent Parcel No. 101–14–010 for the tax year 1991. The complaint was designated No. 4582. Thereafter, appellee filed a countercomplaint, seeking a determination that the property's assessed value for 1991 was correct and appropriate. This complaint was designated No. 7876.

Before the matter was heard by the board, on March 31, 1993 appellant filed another complaint, seeking a reduction of the assessed value for the same property for the tax year 1992. This complaint was designated No. 2162. Appellant requested the board to consolidate its complaints for hearing. Thereafter, appellee filed a countercomplaint seeking a determination that the property's assessed value for 1992 was correct and appropriate. This complaint was designated No. 3475.

The board subsequently notified the parties that it had consolidated all four complaints for hearing. Appellant then submitted a single appraisal report for the property which covered both tax years. Appellee countered this evidence with a single letter supporting the auditor's values for both tax years.

The board considered this evidence at a hearing held on July 14, 1993. In a single journal entry dated September 14, 1993 the board listed all four complaints and declared its decision on the property's valuation with respect to tax years 1991 and 1992. The board decided that the auditor's evaluations for both years were appropriate. It then sent a letter to each party notifying them of the decision with respect to tax year 1991 and also sent a separate letter to each party notifying them of the decision with respect to tax year 1992.

On October 12, 1993, appellant filed a notice of appeal in the trial court, which stated:

"Pursuant to Section 5715.05 of the Revised Code, appellant Reserve Building Associates Limited appeals the decision of the Cuyahoga County Board of Revision (the "Board") with respect to Complaints Nos. 4582(91), and 7876(91) (consolidated) and Complaints Nos. 2162(92) and 3475(92) (consolidated) on the grounds that the Board improperly failed to decrease the assessed value of Cuyahoga County Permanent Parcel No. 101–14–010, real property owned by appellant and subject of the Complaints, to $6,000,000 for 1991 and to $6,760,000 for 1992 to reflect an income approach and adverse market conditions. The decisions of the Board of Revision were mailed to appellant on September 14, 1993. *See* copies attached as Exhibit A.

"Notice of this appeal has been filed with the Cuyahoga County Board of Revision, which shall certify to this Court a transcript of the record of the proceedings before the Board of Revision pertaining to the Complaints and evidence offered in conection [*sic*] with the Complaints."

In a form submitted with the transcript on appeal which was filed in the trial court, the board stated as follows:

"To the COURT OF COMMON PLEAS, State of Ohio:

"In compliance with the provisions of R.C. 5717.01, said county board of revision hereby certifies, as the record of the proceedings before it pertaining to

the original complaint and all evidence offered in connection therewith, the following information and documentation:

"That *a complaint was filed with this board, a copy of which is attached hereto,* by Reserve Building Associates Limited and Cleveland Board of Education; that said complaint *relates to the valuation and assessment of certain real property* which is listed or sought to be listed in the name(s) of Reserve Building Associates Limited, as owners; That said real property is reflected on the Tax List of said County, as being within the Cleveland Taxing District; That *the attached documents and information also constitute part of the record of the proceedings before this board pertaining to the original complaint and the evidence offered in connection therewith;* That said county board of revision, *on the 14th day of September, 1993 rendered its decision,* based upon the evidence and record before it, *finding and determining the valuation of said real property, pertaining to the tax year 1991 [and] 1992 * * *.*" (Emphasis added.)

On December 15, 1993, appellee filed a motion to dismiss the appeal. Citing several unreported cases from this court, appellee argued that the filing of a single notice of appeal did not comply with the requirements of filing separate appeals for each separate claim. Appellee asserted that the appeal was not therefore perfected and the trial court lacked jurisdiction.

On December 23, appellant responded by filing three documents: a brief in opposition to appellee's motion to dismiss, a motion for leave to file an amended notice of appeal instanter, and a motion to consolidate its appeals. In its brief in opposition to appellee's motion to dismiss, appellant relied on Ohio Supreme Court cases to support its argument that dismissal was unwarranted in this case for essentially two reasons: (1) the statute did not specifically address the issue, and (2) the single notice of appeal served the purpose for which it was intended, *viz.,* notice "of just what appellants [*sic*] were undertaking to appeal from."

On February 28, 1994, the trial court granted appellee's motion to dismiss the appeal and overruled both of appellant's motions. This appeal followed.

I

Appellant presents four assignments of error for this court's review. The first two are related and dispositive of the case; hence, they will be addressed together:

A

"The court of common pleas erred in holding that plaintiff-appellant's filing of a single notice of appeal was insufficient."

B

"The court of common pleas erred in granting the defendant Cleveland Board of Education's motion to dismiss."

As it did in the trial court, appellant argues that R.C. 5717.05 does not specifically require separate notices of appeal from each claim. Appellant also argues that the line of cases cited by appellee to support dismissal of the appeal to the court of common pleas is in contravention of the Ohio Supreme Court's ruling in *Sunset Mem. Park Assn. v. Evatt* (1945), 145 Ohio St. 194, 30 O.O. 414, 61 N.E.2d 207. Appellant's arguments are persuasive.

R.C. 5717.05 provides as follows:

"[A]n appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed * * * for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed * * *. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived * * *.

"* * * *

"Within thirty days after notice of appeal to the court has been filed with the county board of revision, the board shall certify to the court a transcript of the record of the proceedings of said board pertaining to the original complaint and all evidence offered in connection with that complaint.

"The court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence. It shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of, * * * and the court shall determine the liability of the property for assessment for taxation, if that question is in issue, and shall certify its judgment to the auditor, who shall correct the tax list and duplicate as required by the judgment."

This court has previously interpreted R.C. 5717.05 to require separate appeals from separately filed claims with the board of revisions. See, *e.g., A. Shaw, Inc. v. Cuyahoga Cty. Bd. of Revision* (Oct. 1, 1981), Cuyahoga App. Nos. 43146 & 43147, unreported, 1981 WL 4528; *Hinckley v. Cuyahoga Cty. Bd. of Revision* (May 6, 1982), Cuyahoga App. No. 44033, unreported, 1982 WL 5342; *Superior W. Sixth Corp. v. Cuyahoga Cty. Bd. of Revision* (Dec. 1, 1983), Cuyahoga App. No. 46625, unreported, 1983 WL 2862; *Hanover House Apts. v. McCormack* (Mar. 19, 1987), Cuyahoga App. No. 51491, unreported, 1987 WL 8127.

However, in *Sunset Memorial Park Assn. v. Evatt, supra,* 145 Ohio St. at 195, 30 O.O. at 414, 61 N.E.2d at 208, the Ohio Supreme Court stated the following in construing the requirements of R.C. 5717.04:

*"The appellees have filed a motion to dismiss the appeals on the ground that proper notices of appeal were not filed* in this court or with the Board of Tax Appeals.

"An examination of the record discloses that *but one notice or paper was filed* in each tribunal. *However, that notice or paper contained the file numbers of the four applications* in the Board of Tax Appeals. *It is the contention of the appellees that this is improper and insufficient under Section 5611–2, General Code* [predecessor to R.C. 5717.04], providing that such appeals shall be perfected 'by the filing by appellant of a notice of appeal with the Supreme Court of Ohio and with the Board of Tax Appeals.' The appellees insist that a separate notice should have been filed for each of the four decisions. Quite obviously this would have been the proper procedure; but was it necessary? As observed by the appellees, the four matters were not consolidated in the Board of Tax Appeals. It is true that no such order was made by the board. However, *the board did consider the four matters together and disposed of them at the same time* by means of only three entries, inasmuch as but one entry was employed in denying the two applications for exemption. But, *in any event, there is no statutory prohibition against combining several notices of appeal into one complete statement in a single paper or document; and it is conceded that this appellant 'set forth the decision of the Board of Tax Appeals appealed from and the errors therein complained of' in each case, as required by Section 5611–2, General Code.* The court is of the opinion that this was sufficient and that under these circumstances the *appellees' motion to dismiss the appeals must be overruled."* (Emphasis added.)

Thus, in a case which concerned the same property and the same appellant, the Supreme Court treated the matter of separate notices of appeal as merely a *procedural* issue which did not divest the court of jurisdiction of the matter.

This court distinguished the straightforward holding of *Sunset* in *A. Shaw, Inc. v. Cuyahoga Cty. Bd. of Revision, supra,* with the merely conclusory statement that it "dealt with an appeal from the Board of Tax Appeals, pursuant to R.C. 5717.04" rather than an appeal from a board of revision pursuant to R.C. 5717.05. Subsequent decisions of this court have followed this reasoning without question.

However, a review of the two statutes demonstrates that there is no substantive difference in the language pertaining to the requirements for filing of a notice of appeal from a board decision to the reviewing court.

R.C. 5717.04 states:

"The proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal to the supreme court or the court of appeals or the county in which the property taxed is situate or in which the taxpayer resides.  * * *

" * * *

"Appeals from decisions of the board upon all * * * appeals or applications filed with and determined by the board may be instituted by any of the persons who were parties to such appeal or application before the board, by any persons to whom the decision of the board appealed from was by law required to be certified, or by any other person to whom the board certified the decision appealed from, as authorized by section 5717.03 of the Revised Code.

"Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board.  * * * A notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of.  Proof of the filing of such notice with the board shall be filed with the court to which the appeal is being taken.  * * *

"In all such appeals the tax commissioner or all persons to whom the decision of the board appealed from is required by such section to be certified, other than the appellant, shall be made appellees.  * * *

"The board, upon written demand filed by an appellant, shall within thirty days after the filing of such demand file with the court to which the appeal is being taken a certified transcript of the record of the proceedings of the board pertaining to the decision complained of and the evidence considered by the board in making such decision.

"If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification."

Appellee urges this court to consider the Supreme Court's admonition in *Deerhake v. Limbach* (1989), 47 Ohio St.3d 44, 546 N.E.2d 1327, that tax statutes must be followed "strictly" in order to confer jurisdiction upon an appellate tribunal.  The failure to file separate notices of appeal from what were essentially four matters disposed of at the same time was not, however, considered to be a *jurisdictional* issue in *Sunset.*  Cf. *Hope v. Highland Cty. Bd. of Revision* (1990), 56 Ohio St.3d 68, 564 N.E.2d 433.

Moreover, the notice of appeal filed in this case did set forth exactly both the challenged judgment and the basis for the challenge. See, *e.g., Maritime Manufacturers, Inc. v. Hi–Skipper Marina* (1982), 70 Ohio St.2d 257, 24 O.O.3d 344, 436 N.E.2d 1034; cf., *Deerhake v. Limbach, supra; Am. Restaurant & Lunch Co. v. Glander* (1946), 147 Ohio St. 147, 34 O.O. 8, 70 N.E.2d 93. In a similar situation, although the Ohio Supreme Court has acknowledged that failure to include errors in a notice of appeal filed pursuant to R.C. 5717.04 results in lack of jurisdiction, it has also pronounced that "[i]n resolving questions regarding the effectiveness of a notice of appeal, we are not disposed to deny review by a hypertechnical reading of the notice." *Buckeye Internatl., Inc. v. Limbach* (1992), 64 Ohio St.3d 264, 268, 595 N.E.2d 347, 350.

This court is therefore constrained to concede that in most of the cases relied upon by the trial court to grant appellee's motion to dismiss, it was improperly engaging in a "hypertechnical reading" of notices of appeal filed pursuant to R.C. 5717.05. This case dealt with only one subject property and the appellant and the appellees were the same parties as before the board. Furthermore, the notice of appeal designated precisely the judgments appealed from and the "theory" upon which the request for reversal was based. Under these circumstances, it was fundamentally unfair to deprive appellant of a forum to challenge the judgment; therefore, the trial court erred in dismissing the appeal. *Buckeye Internatl., Inc. v. Limbach; Sunset Mem. Park Assn. v. Evatt, supra.*

Accordingly, appellant's first two assignments of error are sustained.

## II

Appellant's third and fourth assignments of error state:

## III

"The court of common pleas erred in overruling plaintiff-appellant's motion for leave to file amended notices of appeal *instanter.*"

## IV

"The court of common pleas erred in overruling plaintiff-appellant's motion to consolidate appeals."

In view of this court's disposition of appellant's first two assignments of error, these assignments of error are rendered moot. App.R. 12(A)(1)(c).

The judgment of the trial court granting appellee's motion to dismiss is reversed. This case is therefore remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DYKE, P.J., and KARPINSKI, J., concur.