[Cite as *Lima Area Chamber Found. v. Testa*, 2015-Ohio-5441.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### ALLEN COUNTY

**LIMA AREA CHAMBER**
**FOUNDATION,**

    **APPELLANT,**                        **CASE NO. 1-15-19**

    **v.**

**JOSEPH W. TESTA, TAX**
**COMMISSIONER OF OHIO,**          **O P I N I O N**

    **APPELLEE.**

**Appeal from Allen County Common Pleas Court**
**Trial Court No. 2014-1699**

**Appeal Dismissed**

**Date of Decision: December 28, 2015**

**APPEARANCES:**

    *Derek A. Younkman* **for Appellant**

    *Melissa W. Baldwin* **for Appellee**

**ROGERS, P.J.**

{**¶1**} Appellant, the Lima Area Chamber Foundation ("the Foundation"), appeals the March 24, 2015 decision of the Ohio Board of Tax Appeals ("BTA"). On appeal, the Foundation argues that the BTA erred when it affirmed the decision of Appellee, Joseph Testa, Tax Commissioner for the State of Ohio ("the Commissioner"), who found that certain real property owned by the Foundation was not exempt from taxation. Additionally, the Foundation argues that the BTA erred by dismissing the Foundation's second appeal. Finding that the Foundation's notice of appeal does not sufficiently set forth the errors complained of in the BTA's decision, the appeal is dismissed.

{**¶2**} The Foundation owns a building at 144 S. Main St. in Lima, Ohio ("the building"). On January 21, 2010, the Foundation applied for real property tax exemption regarding the building for the 2009 tax year. The Foundation sought exemption through R.C. 5709.08. In its application, the Foundation stated that the building was used as a rental property with tenants including the Lima/Allen County Chamber of Commerce ("the Chamber"), the Lima/Allen County Convention & Visitors Bureau, and the Allen Economic Development Group. On March 1, 2010, the Foundation applied for real property tax exemption regarding the building for the 2010 tax year. This time, the Foundation sought

exempt status through R.C. 5709.12. The Foundation stated that the building was still being used as a rental property.

{¶3} On March 17, 2014, the Commissioner determined that the building was not exempt for the 2009 tax year. Specifically, the Commissioner found that the Foundation was not a public entity as required for exemption under R.C. 5709.08. In a separate document filed on the same date, the Commissioner determined that the building was not exempt for the 2010 tax year. Specifically, the Commissioner found that the Foundation was not a charitable institution as required by R.C. 5709.12 and 5709.121.

{¶4} On April 8, 2014, the Commissioner issued a new determination, which vacated his previous decision in regard to the 2009 tax exemption status. The Commissioner's new determination merely recited the language of its March 17, 2014 decision. Thus, the Commissioner denied the Foundation's application for real property tax exempt status for the 2009 tax year.

{¶5} The Foundation filed two separate notices of appeal, one for each application, with the BTA. The 2009 exemption application case was assigned BTA Case No. 2014-2003, while the 2010 exemption application case was assigned BTA Case No. 2014-1699.

{¶6} The BTA held a hearing on January 12, 2015, where the BTA heard both cases.[1] At the hearing, the Commissioner argued that Case No. 2014-2003 should be dismissed because the Foundation argued a different theory than it did before the Commissioner. The BTA heard testimony from people representing the Foundation and the tenants of the building.

{¶7} The BTA issued its decision on March 24, 2015, where it ultimately dismissed Case No. 2014-2003 and decided that the building was not exempt for the 2010 tax year in Case No. 2014-1699. Specifically, regarding Case No. 2014-2003, the BTA agreed with the Commissioner and determined that the Foundation was precluded from raising any arguments in support of exemption pursuant to either R.C. 5709.12 or 5709.121 because it did not claim exemption under those sections at the time the application was filed. In regard to Case No. 2014-1699, the BTA determined that the Foundation was not a charitable institution and, therefore, the Commissioner was right to deny the Foundation's application.

{¶8} The Foundation filed this timely appeal, asserting the following assignments of error for our review.

---

[1] We note that the Foundation has filed one notice of appeal with this court. Even though the notice of appeal contains both BTA case numbers, it appears the Foundation should have filed a separate notice of appeal for each case. Apparently, the BTA consolidated both cases although this court cannot find any reference to such an action in the record other than a brief statement by the Commissioner's counsel at the hearing. We acknowledge the fact that the BTA issued one written decision disposing of both cases (dismissing BTA No. 2014-2003 and affirming BTA No. 2014-1699). We are concerned about whether this was appropriate. Nonetheless, because we find other errors that require dismissal of the Foundation's appeal in regard to both cases, we choose not to address this possible inadequacy.

*Assignment of Error No. I*

**THE BOARD OF TAX APPEALS ERRED IN THAT THE DECISION AND ORDER IS NOT LAWFUL.**

*Assignment of Error No. II*

**THE BOARD OF TAX APPEALS ERRED IN THAT THE DECISION AND ORDER IS NOT REASONABLE AND THE RECORD OF THE PROCEEDINGS DOES NOT CONTAIN RELIABLE AND PROBATIVE SUPPORT FOR ITS FACTUAL DETERMINATIONS.**

*Assignment of Error No. III*

**THE BOARD OF TAX APPEALS ERRED BY DISMISSING BTA CASE NO. 2014-2003.**

{¶9} Before we can address the merits of the Foundation's arguments, we must first determine if the Foundation complied with R.C. 5717.04. In his brief and at oral argument, the Commissioner argued that the Foundation failed to specify what errors it complained of in its notice of appeal and, therefore, the appeal should be dismissed. We agree.

{¶10} "R.C. 5717.04 provides that a notice of appeal from the BTA to the court 'shall set forth the decision of the board appealed from and the errors therein complained of.' " *Global Knowledge Training, L.L.C. v. Levin*, 127 Ohio St.3d 34, 2010-Ohio-4411, ¶ 22.

{¶11} The Supreme Court of Ohio has found that a notice of appeal from a BTA case is defective if it "uses general language which could be used in nearly

any case * * *." *Deerhake v. Limbach*, 47 Ohio St.3d 44, 45 (1989). In *Deerhake*, the court found the appellant's notice of appeal defective where the complained of error was that "the decision and order of the Board of Tax Appeals is against the manifest weight of the evidence and contrary to law." *Id.* at 44. The court relied on its previous decision in *Lawson Milk Co. v. Bowers*, 171 Ohio St. 418, 420 (1961), where the court dismissed an appeal from the BTA because the notice of appeal "[did] not sufficiently set forth 'the errors therein complained of' and, therefore, [was] not a sufficient compliance with the statutory requirement." In *Lawson*, the complained of error was "the decision by the Board of Tax Appeals to modify and affirm the final order of the Tax Commissioner in the following basic amounts: Sales tax [$]3,213.70. Use tax [$]3,266.57." *Id.* at 419.

{¶12} In contrast, when a notice of appeal from a BTA case includes specific assertions, then the notice of appeal will be found sufficient. *See Lomaz Financial Corp. v. Limbach*, 77 Ohio App.3d 568, 570 (11th Dist.1991). In *Lomaz*, the notice of appeal alleged that the BTA erred in granting the tax commissioner's motion to dismiss because "(1) the notices of appeal filed with the BTA pursuant to R.C. 5717.02 sufficiently specified the claimed errors; (2) the BTA erred, as a matter of law, in relying upon distinguishable cases; and (3) the board failed to serve its decision in accordance with R.C. 5717.03." *Id.* The court distinguished *Deerhake* because the notice of appeal before it contained specific

claims rather than general arguments regarding manifest weight and decisions that were unreasonable. *Id.*

{¶13} After examining the Foundation's notice of appeal before us, it is clear that the Foundation failed to comply with the requirements of R.C. 5717.04. This case can be easily distinguished from cases such as *Lomaz.* Unlike the notice in *Lomaz*, the Foundation's notice uses broad general terms without providing any specifics regarding its argument, e.g., "THE BOARD OF TAX APPEALS ERRED IN THAT THE DECISION AND ORDER IS NOT LAWFUL." The *Lomaz* notice was sufficient because it gave specific examples of how the BTA erred, e.g., "the board erred, as a matter of law, *in relying upon distinguishable cases.*" (Emphasis added.) 77 Ohio App.3d at 570. Although the notice in *Lomaz* included some general language about how the board erred as a matter of law, the notice also included a specific assertion that the board erred by relying upon cases that were distinguishable.

{¶14} In support of its argument, the Foundation cites *Inter-City Foods, Inc. v. Kosydar*, 30 Ohio St.2d 159 (1972), syllabus, for the proposition that its notice sufficiently states the complained of errors. In *Inter-City Foods*, the court found that a notice that states that the BTA's decision was against the manifest weight of the evidence satisfied the requirements of R.C. 5717.04. *Id.* at 162. The Foundation argues that since *Inter-City Foods* is more recent than *Lawson Milk*,

then the proper authority to rely on is *Inter-City Foods*. We reject this argument because *Deerhake* was decided 17 years after *Inter-City Foods*. Thus, by the Foundation's own argument, the proper authority to rely on would be *Deerhake* because it is more recent than *Inter-City Foods*.

{¶15} The Foundation also argues that this court should find that its notice was sufficient since this court accepted jurisdiction over a case with similar language in the notice of appeal. *See Brandy's Inc. v. Zaino*, 3d Dist. Hancock No. 5-01-43, 2002-Ohio-1923, *2. In *Brandy's Inc.*, the appellant asserted one assignment of error: "THE DECISION OF THE BOARD OF TAX APPEALS IS UNREASONABLE AND UNLAWFUL AND AGAINST THE MANIFEST WEGIHT OF THE EVIDENCE." *Id.* Although this court issued a decision on the merits in that case, the issue of whether the notice was sufficient was never raised by either party nor was the issue ever discussed by this court. Thus, that decision provides little insight as to whether the Foundation's notice was sufficient.

{¶16} The Supreme Court of Ohio has repeatedly found that "an appellant must strictly comply with the requirements of R.C. Chapter 5717." *Deerhake*, 47 Ohio St.3d at 45. One of the requirements of R.C. 5717.04 is that an appellant not use general language which could be used in nearly any case. *Id.* Rather, an appellant must state the errors complained of with some level of specificity. Because the Foundation's notice clearly lacks specificity and consists solely of

general language that could be used by nearly any appellant in any case, the Foundation failed to comply with the requirements of R.C. 5717.04. Consequently, we lack jurisdiction to decide the merits of this case.

{¶17} Accordingly, for the aforementioned reasons, the appeal is dismissed.

*Appeal Dismissed*

**PRESTON, J., concurs.**

**HALL, J., concurs.**
    **(Hon. Michael T. Hall, Sitting by Assignment from the Second District Court of Appeals)**

**/jlr**