[Cite as *Commonwealth Upscale Properties, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 2021-Ohio-3029.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

COMMONWEALTH UPSCALE
PROPERTIES, L.L.C.,                          :

      Plaintiff-Appellant,          :

                              No. 109783

      v.                                      :

CUYAHOGA COUNTY BOARD
OF REVISION,                                 :

      Defendant-Appellee.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 2, 2021

---

Administrative Appeal from the Board of Tax Appeals
Case No. 2019-2527

---

## *Appearances:*

James Alexander, Jr., L.L.C., and James Alexander, Jr.,
*for appellant.*

Brindza McIntyre & Seed, L.L.P., Robert A. Brindza,
Daniel McIntyre, David A. Rose, and David H. Seed, *for
appellee.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellant, Commonwealth Upscale Properties, L.L.C. ("Commonwealth"), appeals the dismissal of its appeal from the Ohio Board of Tax Appeals ("BTA") and claims the following error:

The Board of Tax Appeals erred by finding the appeal was not timely.

{¶ 2} We find no merit to the appeal and affirm the board of tax appeals' decision.

## I. Facts and Procedural History

{¶ 3} In February 2019, Commonwealth filed a complaint against valuation of property in the Cuyahoga County Board of Revision ("BOR") for the 2018 tax year. The complaint alleged that Commonwealth's property on Woodhill Road in Cleveland, with permanent parcel number 128-10-004, was overvalued for tax purposes. The complaint was filed by Donald Durrah ("Durrah"), a real estate appraiser retained by Commonwealth.[1] Durrah listed Commonwealth's tax mailing address on the complaint, and designated his own mailing and email addresses on the complaint as addresses of "complainant's agent."

{¶ 4} The BOR scheduled a hearing on Commonwealth's complaint for September 19, 2019. The administrative record shows that notices of the hearing date were sent by certified mail to Commonwealth's mailing address, and by regular mail to Durrah's mailing address and to the mailing addresses of Cleveland

---

[1] Durrah is not a licensed attorney. However, R.C. 5715.19(B) authorizes a licensed real estate appraiser to file complaints objecting to the valuation of real property on behalf of the property owners.

Metropolitan School District ("CMSD") and its counsel. The hearing notice was also sent to Durrah's email address. The notice sent to Commonwealth's mailing address was "returned to sender" because the building at the address was "vacant," and the postal service was "unable to forward." Nothing in the record suggests that any other notices were returned as undeliverable.

{¶ 5} Durrah appeared for the hearing on behalf of Commonwealth, but no one from Commonwealth itself was present. Durrah stated that he did not receive an email notifying him of the hearing. He also stated that although he was hired to appraise Commonwealth's property, he had not yet completed the appraisal at the time of the hearing. Thus, there was no evidence of an alternate valuation of Commonwealth's property. A comment in the BOR's "Oral Hearing Journal Summary" states: "No evidence was proffered to support the requested value. No change."

{¶ 6} Following the hearing, the BOR issued its decision denying Commonwealth's request for revaluation of the property. The decision was sent by certified mail on September 23, 2019, to Commonwealth's tax mailing address as provided in Commonwealth's complaint, to Durrah's email address, and to CMSD's mailing address. The decision was also sent electronically to Durrah's email address and by regular mail to counsel for the CMSD. Nothing in the administrative record suggests that any mail was returned as undeliverable.

{¶ 7} Commonwealth filed a notice of appeal of the BOR's decision in the BOR on November 1, 2019, and another notice of appeal in the BTA on November

4, 2019. The CMSD filed a motion to dismiss the appeal as untimely and, as previously stated, the BTA dismissed Commonwealth's appeal as untimely. In its decision, the BTA explained that R.C. 5717.01 only allows appeals to be taken from the BOR if the appeal is filed within 30 days of the date the BOR mailed its decision. Yet Commonwealth filed its notice of appeal with the BOR 39 days after the BOR's decision was mailed and filed the notice of appeal with the BTA 42 days after such mailing. In dismissing the appeal, the BTA explained that failure to comply with the filing requirements for appeals set forth in R.C. 5717.01 is "fatal to the appeal." Commonwealth now appeals the BTA's decision to this court.

## II. Law and Analysis

{¶ 8} In its sole assignment of error, Commonwealth argues the BTA erred in finding that its appeal was untimely. Commonwealth argues the BOR failed to serve a copy of its decision on it by certified mail and that, therefore, the BTA should not have dismissed its appeal as untimely.

{¶ 9} However, Commonwealth failed to file a timely notice of appeal. Pursuant to Article VI, Section 6.02 of the Cuyahoga County Charter amended by the electors on November 5, 2013, the BOR adopted certain rules of procedure. With respect to appeals, the BOR rules of procedure state:

> The Board will make a decision on each complaint based on the merits of the evidence submitted. *Pursuant to Ohio Revised Code all decisions will be sent by certified mail.* Once the decision is rendered, it cannot be reconsidered by the Board of Revision. If you are not satisfied with your decision, it is appealable within 30 days from date of the Board's decision notice; please consult Ohio Revised Code

sections 5717.01 and 5717.05 for guidance on how and where to file an appeal.

(Emphasis added.)

{¶ 10} R.C. 5715.2o similarly states, in relevant part:

Whenever a county board of revision renders a decision on a complaint filed under section 5715.19 of the Revised Code or on an application for remission under section 5715.39 of the Revised Code, it shall give notice of its action to the person in whose name the property is listed or sought to be listed and, if the complainant or applicant is not the person in whose name the property is listed or sought to be listed, to the complainant or applicant. *The notice shall be given either by certified mail or, if the board has record of an internet identifier of record associated with a person, by ordinary mail and by that internet identifier of record* as defined in section 9.312 of the Revised Code. A person's time to file an appeal under section 5717.01 of the Revised Code commences with the mailing of notice of the decision to that person as provided in this section. * * *

(Emphasis added.) R.C. 5715.20(A).

{¶ 11} Commonwealth argues the BOR violated its own rules of procedure by failing to serve its decision on it by certified mail. Although the BTA's decision states that the BOR sent its decision to all the parties by regular mail, the transcript from the BOR shows that the BOR sent its decision by certified mail to Commonwealth's mailing address. The decision was also sent electronically to Durrah's email address. Nothing in the record suggests that any mail was returned as undeliverable. Therefore, the BOR complied with its own rules of procedures as well as the procedure outlined in R.C. 5715.20(A).

{¶ 12} R.C. 5717.01 governs appeals from a county board of revision and states that an appeal may be taken to the BTA provided such appeal is filed "within

thirty days after notice of the decision of the county board of revision is mailed as provided in division (A) of section 5715.20 of the Revised Code." In *Hope v. Highland Cty. Bd. of Revision*, 56 Ohio St.3d 68, 564 N.E.2d 433 (1990), the Ohio Supreme Court held that "[a]dherence to the provisions of the appellate statutes is essential to confer jurisdiction upon the BTA to hear appeals." *Id.*, citing *Am. Restaurant & Lunch Co. v. Bowers*, 147 Ohio St. 147, 70 N.E. 2d 93 (1946); *see also Bd. of Edn. v. Bd. of Revision*, 61 Ohio St.2d 332, 334, 401 N.E.2d 435 (1980) (the requirements of R.C. 5717.01 are mandatory and jurisdictional). Thus, the requirements of R.C. 5717.01 are "specific and mandatory," and failure to file an appeal within the 30-day appeal time provided therein is "fatal to the appeal." *Hope* at 68; *see also Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 369, 721 N.E.2d 40 (2000) ("Only the BTA and the common pleas courts have been granted authority under R.C. 5717.01 and 5717.05 to review board of revision decisions, and even they can review decisions only where the appeals have been filed in a timely manner."). Therefore, the BTA properly dismissed Commonwealth's appeal as untimely since it failed to file a notice of appeal within the 30-day period set forth in R.C. 5717.01.

{¶ 13} Commonwealth failed to timely appeal the BOR's decision even though the BOR duly served it with its decision by certified mail as required by its own rules of procedures and R.C. 5715.20(A). Therefore, the BTA properly dismissed Commonwealth's appeal as untimely.

{¶ 14} The sole assignment of error is overruled.

**{¶ 15}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Board of Tax Appeals to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

 
 

_____
EILEEN T. GALLAGER, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR